PEOPLE v COLES (ON REMAND)

Docket No. 74960. Submitted November 18, 1983, at Lansing.—Decided June 28, 1984.

Bruce L. Coles was convicted by a jury in the Genesee Circuit Court, Donald R. Freeman, J., of armed robbery and was sentenced to a prison term of 15 to 25 years. The Court of Appeals affirmed, 79 Mich App 255 (1977). The Supreme Court granted leave to appeal and remanded to the Court of Appeals for reconsideration of defendant's sentence in light of an expanded scope of review, 417 Mich 523 (1983). On remand, the Court of Appeals first remanded the case to the trial court for an explanation of that court's reasons in imposing the sentence. The trial court stated its reasons for sentencing defendant as it did. Now, *held:*

All the relevant criteria were considered in imposing defendant's sentence, and the sentence does not shock the conscience of the Court of Appeals.

Affirmed.

CRIMINAL LAW — SENTENCING — APPEAL.

A defendant is not entitled to resentencing where the trial court considered all of the relevant criteria in imposing the sentence and the sentence imposed does not shock the conscience of the Court of Appeals.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*William L. Grossman,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 580, 629.

On Remand

Before: Danhof, C.J., and T. M. Burns and Shepherd, JJ.

Per Curiam. The instant matter was originally decided by this Court in *People v Coles,* 79 Mich App 255; 261 NW2d 280 (1977). The Supreme Court granted leave to appeal and issued its opinion on October 24, 1983, in *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). Upon remand to this Court for reconsideration in light of the newly applicable standard of review, we issued an order remanding the case to the circuit court for explanation of the court's reasons in imposing the sentence.

Upon remand, the circuit judge stated his reasons for sentencing defendant to 15 to 25 years imprisonment for armed robbery. The court stated that the facts of the armed robbery were considered, as well as the defendant's prior anti-social behavior in school. The court considered the disciplining of the wrongdoer, the protection of society, the potential for reformation of the offender and the deterring of others from committing like offenses. The trial judge's summary of his reasons indicates that he was concerned because the evidence presented at trial indicated that defendant was an active participant in a preplanned crime involving a threat of great bodily harm to the victim.

Upon review of the trial court's reasoning, we find that all of the relevant criteria were considered in imposing defendant's sentence. In light of the facts of this case, the sentence imposed does not reach the level of shocking our conscience.

Affirmed.