## PEOPLE v KENNIE

Docket No. 81942. Submitted September 5, 1985, at Lansing.—Decided November 18, 1985.

Defendant, Al J. Kennie, also known as James Chisholm and Elmer James Chisholm, Jr., pled guilty in the Bay Circuit Court to one count of felonious assault and one count of absconding while on bond. The trial court, William J. Caprathe, J., sentenced defendant to consecutive prison terms of from 2 to 4 years on the felonious assault conviction and from 2-1/2 to 4 years on the absconding conviction. Defendant appeals alleging that a remand for resentencing is required since the sentencing information report contained a recommended minimum sentence range erroneously calculated under the sentencing guidelines. *Held:*

1. The sentencing information report did contain an error in its calculations for the felonious assault conviction.

2. A remand for resentencing is required only where the defendant has preserved this issue for appellate review by specifically objecting to the error at sentencing or by filing a motion to vacate the sentence prior to filing an appeal. Here, the defendant failed to do either.

3. The sentence imposed is justified by the reasons articulated by the trial court on the record.

Affirmed.

1. Criminal Law — Sentencing — Sentencing Guidelines — Preserving Question.

A remand for resentencing is required where the sentencing information report prepared by the probation department contains a recommended minimum sentence range erroneously calculated under the sentencing guidelines only where the defendant has preserved this issue for appellate review by specifically objecting to the error at sentencing or by filing a motion to vacate the sentence prior to filing an appeal.

References

Am Jur 2d, Appeal and Error §§ 545 *et seq.,* 976.

Am Jur 2d, Criminal Law §§ 525 *et seq.*

Power of state court, during same term, to increase severity of lawful sentence-modern status. 26 ALR4th 905.

2. Criminal Law — Appeal — Sentencing — Preserving Question.
A defendant generally must preserve at the trial court level any challenge to a sentence based on alleged inaccurate information.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Gail Rodwan),* for defendant on appeal.

Before: Danhof, C.J., and M. J. Kelly and D. F. Walsh, JJ.

M. J. Kelly, J. The issue presented in this case is whether a remand for resentencing is required where the sentencing information report (SIR) prepared by the probation department contains a recommended minimum sentence range erroneously calculated under the sentencing guidelines. We hold that a remand is required only where the defendant has preserved this issue for appellate review by specifically objecting to the error at sentencing or by filing a motion to vacate the sentence prior to filing an appeal. Since defendant in this case failed to do either, we decline to remand for resentencing and we affirm.

Defendant pled guilty to one count of felonious assault, MCL 750.82; MSA 28.277, and one count of absconding while on bond, MCL 750.199a; MSA 28.396(1). On August 3, 1984, defendant was sentenced to consecutive prison terms of from 2 to 4 years on the felonious assault conviction and from 2-1/2 to 4 years on the absconding conviction, with a credit of 146 days to be applied to both sentences. The prosecution does not challenge the trial court's application of credit.

Prior to the sentencing hearing, a SIR had been prepared for the felonious assault conviction only, since the sentencing guidelines do not apply to convictions for absconding. As a result of the probation officer's improper use of defendant's other convictions and his inaccurate characterization of the assault offense to which defendant had pled, defendant scored a prior record level of F and an offense severity level of III. On appeal, defendant contends, and the prosecution agrees, that the correct score would give defendant a prior record level of C and an offense severity level of II. In real terms, the proper calculation reduces defendant's recommended minimum sentence range of from 24 to 32 months, as reported in the inaccurate SIR, to a range of from 6 to 18 months. The trial court sentenced defendant to a term of from 2 to 4 years on his felonious assault conviction. Defendant argues on appeal that if the court had been presented with an accurate SIR, defendant may have received a lesser sentence.

On the date scheduled for sentencing, defendant made two objections to the presentence report, one of which required an adjournment of the hearing to enable the prosecutor to obtain the complaining witness's testimony regarding the underlying circumstances of the crime. The prosecution subsequently agreed to omit from the presentence materials reference to a threat allegedly made by defendant to the victim. At the second hearing, defendant's attorney specifically referred to the recommended minimum range of from 24 to 32 months and made no objection to its accuracy. In fact, counsel requested that the court be guided by the recommended minimum range in imposing sentence rather than by the harsher sentence sought by the prosecutor's office. At both sentencing hearings, defendant and his attorney were

provided ample opportunity to allocute and neither objected to the accuracy of the SIR.

Moreover, appellate counsel failed to move to vacate defendant's sentence in the trial court prior to filing this appeal. Nor has appellate counsel moved for a remand to the trial court after defendant's claim of appeal was filed.

Use of the sentencing guidelines became mandatory as of March 1, 1984. See Administrative Order No. 1984-1, 418 Mich lxxx and Administrative Order No. 1985-2, 420 Mich lxii. Since that time, this Court has been called upon to resolve a variety of first impression questions involving the use and application of these mandatory guidelines. See for example, *People v Ridley,* 142 Mich App 129; 369 NW2d 274 (1985), and *People v Fleming,* 142 Mich App 119; 369 NW2d 499 (1985). Today, we are presented with another facet in the evolving law of sentence review. Where the sentencing court actually or arguably relies upon an inaccurate SIR in imposing sentence, does the defendant have a right to be resentenced?

Recently, in *People v Love,* 144 Mich App 374; 375 NW2d 752 (1985), another panel of this Court had occasion to consider an inaccurate SIR in the appellate context. In that case, defendant did object at the sentencing hearing to the accuracy of the SIR but failed to specify the basis for his objection. Not until defendant had filed his brief on appeal did he articulate his specific objections to the SIR scoring and at that point the prosecutor acknowledged that the SIR used at sentencing was incorrect. The parties could not, however, agree on a corrected score. This Court recomputed defendant's SIR and concluded that an accurate SIR did not change the offense severity level and, as a result, the actual sentence imposed was within the recommended range. The Court then went on to

hold that a defendant must object to inaccurate "scoring of the guideline factors on the record with as much specificity as possible". 144 Mich App 378.

We agree that defendants must specifically object at sentencing to alleged SIR scoring inaccuracies. Absent any record of thse alleged inaccuracies, this Court is simply not in a position to evaluate the probation officer's computations in a reliable fashion. Where an objection is raised below, the trial court is able to further evaluate the scoring procedures by making appropriate inquiries of the probation officer, defendant and counsel. If the defendant remains dissatisfied, he or she can then raise the issue on appeal, at which time we will have a record to review. *People v Love, supra.*

Our holding is consistent with the general rule that a defendant must preserve at the trial court level any challenge to a sentence based on alleged inaccurate information. See *People v Hart,* 129 Mich App 669, 675; 341 NW2d 864 (1983), *lv den* 419 Mich 860 (1984), and *People v Mack,* 112 Mich App 605, 613; 317 NW2d 190 (1981). We are not persuaded that manifest injustice will result absent appellate review even where, as here, the prosecution agrees that the probation department submitted an inaccurate SIR. The actual sentence imposed by the trial court in this case is well in keeping with this defendant's criminal record. The prosecutor had recommended a much harsher sentence. We have reviewed the two sentencing transcripts and we find that the sentence imposed is justified by the reasons articulated by the trial court on the record.

Affirmed.