PEOPLE v JONES

Docket No. 80851. Submitted June 20, 1985, at Detroit.—Decided
    November 19, 1985. Leave to appeal applied for.

    Defendant, Dan N. Jones, Jr., was convicted, on his plea of guilty,
    of breaking and entering an unoccupied dwelling, Shiawassee
    Circuit Court. Prior to sentencing, defendant was given a copy
    of the sentence information report (SIR). He was sentenced to
    from three to ten years in prison, Peter J. Marutiak, J. Defen-
    dant appealed, alleging that the SIR improperly weighed
    against him certain prior misdemeanor convictions for which
    he was not represented by counsel and that the court abused
    its discretion in sentencing him. *Held:*

        1. Where a sentence information report is made available to
    a defendant and counsel prior to sentencing, the defendant
    must challenge the accuracy of the report, if at all, prior to
    sentencing or, at least, prior to appeal. Since defendant did not
    object prior to appeal, the issue was not preserved.

        2. The sentence imposed does not exceed what reasonable
    people would perceive as an appropriate sentence under the
    circumstances and the sentence did not shock the conscience of
    the Court.

        Affirmed.

1. CRIMINAL LAW — SENTENCING — SENTENCE INFORMATION REPORTS
    — APPEAL.

    Where a sentence information report is made available to a
    defendant and counsel prior to sentencing, the defendant must
    challenge the accuracy of the report, if at all, prior to sentenc-
    ing or, at least, prior to appeal.

2. CRIMINAL LAW — SENTENCING — REHABILITATION.
    Rehabilitation is an appropriate sentencing goal.

REFERENCES
Am Jur 2d, Criminal Law §§ 472, 476, 597.
See the annotations in the ALR3d/4th Quick Index under Sentence
    and Punishment.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *David E. McClernan*, Prosecuting Attorney, and *Jann Ryan Baugh*, Assistant Attorney General, for the people.

State Appellate Defender (by *R. Steven Whalen*), for defendant.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and W. J. CAPRATHE,* JJ.

PER CURIAM. Defendant, Dan Nolan Jones, Jr., was sentenced to from three to ten years on his plea of guilty of breaking and entering an unoccupied dwelling, MCL 750.110; MSA 28.305. He appeals as of right.

Defendant raises two issues: (1) whether he is entitled to be resentenced because the sentence information report (SIR) scored points for prior misdemeanor convictions where defendant was not represented by counsel; and (2) whether the judge abused his discretion in imposing a three- to ten-year sentence on a first-time felony offender. We find that defendant is not entitled to resentencing and that the judge did not abuse his discretion.

Defendant first contends that he should be resentenced because points were assessed in the SIR for certain misdemeanor convictions for which defendant was not represented by counsel. We do not agree that defendant should be resentenced.

When defendant appeared with counsel for sentencing in the present case, he was presented with a SIR prepared by the probation department. The report assigned two points for prior record varia-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ble (PRV) 6 (prior misdemeanor convictions).[1] The scoring of two points for PRV 6 gave defendant a total of four points, for a PRV level of C. Since defendant's offense variable (OV) level was I, the minimum sentence range for this conviction was zero to eighteen months. If the prior misdemeanor convictions were not scored, the PRV level would have been B and the sentence range would have been zero to twelve months.

Neither defendant nor defense counsel objected to the scoring of defendant's misdemeanor convictions or to a minimum sentence range calculated in the SIR. We therefore find that defendant has waived the right to challenge the scoring contained in that report. We believe that when the SIR is available to the defendant and defense counsel prior to sentencing, defendant must challenge the accuracy of that report prior to imposition of the sentence or, at least, prior to appeal.

In *People v Gaines,* 129 Mich App 439, 449; 341 NW2d 519 (1983), this Court held:

"A defendant waives a claim that the court considered inaccurate information in sentencing by failing to object at the time of the sentencing or to move in the lower court for vacation of the sentence."

See also *People v Baldwin,* 130 Mich App 653, 655; 344 NW2d 37 (1983), *People v Czerwinski,* 99 Mich App 304, 308; 298 NW2d 16 (1980), *lv den* 417 Mich 958 (1983), and *Guilty Plea Cases,* 395 Mich 96, 137; 235 NW2d 132 (1975). Logically, this rule also applies to failure to challenge the sentencing guidelines. When the trial judge makes the SIR available, it becomes the responsibility of the defendant and defense counsel to scrutinize that report and object to any inaccuracies contained in

---

[1] The manual indicates that two points should be scored for four or more prior misdemeanor convictions. The presentence investigation report indicated that defendant had four prior misdemeanor convictions, which the judge and both counsel agreed were without counsel.

it. See *People v Love,* 144 Mich App 374; 375 NW2d 752 (1985). This provides the opportunity to resolve guidelines calculations and conclusions before sentence is imposed.

Defendant also contends that the sentence of from three to ten years was an abuse of the judge's discretion. We disagree. In order to find that the sentencing judge abused his discretion, the sentence imposed must be so excessive that it shocks our conscience. *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983).

The record in the present case indicates that the judge substantially based the sentence on the need to rehabilitate the defendant. He specifically stated that he would not consider defendant's prior misdemeanor convictions because defendant had not been represented by counsel. The judge noted, however, that previous attempts to reform the defendant, *i.e.,* previous juvenile and district court probations, had failed. He also referred to defendant's substance abuse problem and included in the sentence a recommendation that defendant receive substance abuse counseling while in prison. It is apparent from this recommendation that the judge believed that defendant needed enough time in prison to accomplish the goals of such counseling. The judge also considered defendant's age (20 years) and the fact that another charge had been dismissed as part of the plea agreement in this case.

Rehabilitation is an appropriate sentencing goal. *People v Snow,* 386 Mich 586, 592; 194 NW2d 314 (1972). We do not find that the sentence exceeded what reasonable persons would perceive as an appropriate sentence under the circumstances. *People v Coles, supra,* and *People v Coles (On Remand),* 136 Mich App 7, 8; 355 NW2d 686 (1984). Nor does it shock our conscience that the

sentence imposed in this case is three times the guidelines recommendations.[2]

Defendant's sentence is therefore affirmed.

---

[2] The factors stated by the judge as the basis for his sentence and departure from the guidelines were not already covered or assigned points in the guidelines as alleged by the defendant. However, even if they were, the trial judge may depart from the guideline range based on such factors and still be in compliance with Supreme Court Administrative Order 1984-1, 418 Mich lxxx. *People v Ridley,* 142 Mich App 129, 134; 369 NW2d 274 (1985).