PEOPLE v WALKER

Docket No. 81039. Submitted September 2, 1986, at Detroit. Decided
    October 7, 1986.

Defendant, Richard B. Walker, pled guilty in the Berrien Circuit
    Court to a charge of entry without breaking with intent to
    commit larceny. The trial court, Zoe S. Burkholz, J., sentenced
    defendant to from twenty-seven months to five years imprison-
    ment. Defendant appeals.

The Court of Appeals *held*:

1. Defendant did not object to the scoring of the sentencing
    information report during the sentencing proceedings and,
    therefore, has waived on appeal his claim that the report was
    erroneously calculated.

2. The Court of Appeals declined to review defendant's argu-
    ment that his trial counsel's failure to object to the alleged
    improper scoring of the sentencing information report deprived
    him of the effective assistance of counsel.

Affirmed.

1. Criminal Law — Sentencing — Preserving Question.

A defendant who does not object during the sentencing proceed-
    ings to an alleged miscalculation in the scoring of a sentencing
    information report waives his claim on appeal.

2. Criminal Law — Sentencing — Assistance of Counsel — Pre-
    serving Question.

The Court of Appeals may decline to review a defendant's claim
    that his trial counsel's failure to object to the alleged improper
    scoring of the sentencing information report deprived him of
    the effective assistance of counsel where there has been no
    motion in the trial court to vacate the sentence.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Paul L. Maloney,* Prose-

References
Am Jur 2d, Appeal and Error §§ 545 *et seq.,* 624.
See the annotations in the Index to Annotations under Sentence
    and Punishment.

cuting Attorney, and *Brian S. Berger,* Assistant Prosecuting Attorney, for the people.

. State Appellate Defender (by *James Krogsrud*), for defendant on appeal.

Before: J. H. GILLIS, P.J., and WAHLS and SULLIVAN, JJ.

PER CURIAM. On February 27, 1984, defendant pled guilty to a charge of entry without breaking with intent to commit larceny, MCL 750.111; MSA 28.306. He was sentenced on May 29, 1984, to a prison term of from twenty-seven months to five years and now appeals as of right.

Defendant's first argument on appeal is that he is entitled to be resentenced because the trial court allegedly erroneously calculated one of the prior record variables in filling out the sentencing information report (SIR). Defendant however did not object to the scoring during the sentencing proceedings and, therefore, has waived this claim on appeal. *People v Jones,* 147 Mich App 292, 294-295; 382 NW2d 772 (1985); *People v Kennie,* 147 Mich App 222, 225-226; 383 NW2d 169 (1985).

Defendant also argues that his trial counsel's failure to object to the alleged improper scoring of the SIR deprived him of effective assistance of counsel. We also decline to review this issue. If defense counsel had pursued proper procedures, he would have brought a motion in the trial court to vacate the sentence. *Jones, supra; Kennie, supra.* The court then could have reviewed the claim of inaccuracy, thereby alleviating the need for defendant to raise the ineffective assistance claim with this Court. Were the lower court in such a situation to conclude that the sentencing guidelines were erroneously computed, then the defendant

would be entitled to be resentenced. On the other hand, if defendant's claim of inaccuracy were found to be without merit, then he would have no grounds upon which to base an argument in support of ineffective assistance. Adherence to this procedure provides the defendant with the opportunity to be sentenced based on accurate information without having to file an appeal.

Affirmed.