PEOPLE v WALKER

Docket No. 79649. Decided June 22, 1987. On application by the
defendant for leave to appeal, the Supreme Court, in lieu of
granting leave, affirmed the judgment of the Court of Appeals.

Richard B. Walker pled guilty in the Berrien Circuit Court, Zoe
S. Burkholz, J., of entry without breaking with intent to
commit larceny. The Court of Appeals, J. H. GILLIS, P.J., and
WAHLS and SULLIVAN, JJ., affirmed in an opinion per curiam,
finding that the defendant's challenge to the manner in which
his prior low-severity similar felony convictions had been
scored under the sentencing guidelines was waived by his
failure to raise the issue in the trial court (Docket No. 81039).
The defendant seeks leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held:*

A defendant who wishes to preserve for appeal a challenge of
the scoring of prior record variables under the sentencing
guidelines must bring the matter to the attention of the trial
court at sentencing, by a properly filed motion within the time
period for filing a motion for a new trial, or by a timely filed
motion for remand in the Court of Appeals. Where properly
raised, a trial court must resolve the challenge in the same
fashion as it resolves any other dispute concerning the accu-
racy of information to be considered at sentencing.

A defendant who seeks to challenge a proposed scoring
decision bears the burden of going forward. Once a defendant
has effectively challenged an adverse factual assertion, the
prosecution must prove the facts asserted by a preponderance
of the evidence.

Affirmed.

155 Mich App 247; 399 NW2d 489 (1986) affirmed.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Paul L. Maloney,* Prose-
cuting Attorney, and *Brian S. Berger,* Assistant
Prosecuting Attorney, for the people.

State Appellate Defender (by *James Krogsrud*)
for the defendant.

PER CURIAM. The issue in this case is whether a defendant may raise in the Court of Appeals a challenge to the manner in which the sentencing guidelines have been scored, without first bringing the issue to the attention of the sentencing judge. We hold that to preserve the issue a defendant must bring it to the attention of the trial court at sentencing, by a properly filed motion within the time period for filing a motion for a new trial, or by a timely filed motion for remand in the Court of Appeals. MCR 7.211(C)(1).

I

In February of 1984, the defendant broke into a Benton Harbor appliance store. Originally charged with breaking and entering an unoccupied structure,[1] the defendant pled guilty later that month of the lesser offense of entry without breaking with intent to commit larceny.[2]

The defendant was sentenced in May of 1984. At sentencing, he was represented by a new attorney, who had been appointed earlier that day. The defendant and his new attorney each stated his satisfaction with the manner in which the sentencing guidelines had been scored.[3] The probation officer recommended a minimum sentence of thirty months in prison, and defense counsel asked for a minimum sentence of twenty-four months in prison. The sentencing judge decided, after hearing these recommendations, to impose a minimum sentence of twenty-seven months in prison.[4] The

---

[1] MCL 750.110; MSA 28.305.

[2] MCL 750.111; MSA 28.306.

[3] The defendant's first attorney had written the trial court eleven days earlier to point out an error in the scoring of the prior record variables. The correction was noted by the sentencing judge.

[4] As calculated by the trial court, the guidelines placed the defen-

maximum term was sixty months as set by the statute.

The defendant filed no postsentencing motions in the trial court. On appeal, he was given newly appointed counsel (his third attorney), but, after filing a claim of appeal in the Court of Appeals, that attorney filed nothing further for a full year. The Court of Appeals fined the third attorney and directed that the trial court appoint substitute appellate counsel. The fourth attorney then filed on the defendant's behalf a brief in the Court of Appeals in which it was argued that the defendant had been denied due process at sentencing. The defendant's claim was that the trial court had incorrectly scored Prior Record Variable 4, concerning prior low-severity similar felony convictions.[5] The defendant accurately stated that the

dant in cell I-E of the sixty-month grid for offenses in the burglary crime group. The recommended range of minimum sentence in cell I-E is twelve to thirty months.

[5] P.R.V.4 Prior Low Severity Similar Felony Convictions

1 = *each* prior low severity similar felony conviction

0 = none

Instructions:

A. Score "1" point for *each* prior low severity similar felony conviction.

B. There is no limit to the score that can be entered for this variable.

C. A low severity felony conviction refers to a conviction for any felony included in the following crime groups and statutory maxima:

Assault (24 month maximum)

CSC (24 month maximum)

Drug (all)

Burglary (120, 60, 48, 30, 24 month maxima)

Larceny (all)

Fraud (all)

Property Destruction (120, 60, 48, 24 month maxima)

Weapons Possession (all)

Negligent Homicide (24 month maximum)

D. A prior felony conviction is similar to the present felony

presentence report listed two prior felony convic-
tions (attempted larceny in a building[6] and at-
tempted entering without breaking[7]), though only
one of the offenses (the attempted entering without
breaking) was "similar" as defined in PRV 4. Thus
the trial court should have scored one point,
rather than two points for PRV 4. This change
would have moved the defendant from cell I-E
(twelve to thirty months) to cell I-D (six to twenty-
four months).

In his responsive brief in the Court of Appeals,
the prosecutor argued only that the claim had
been waived when the defendant and his attorney
professed satisfaction at sentencing with the man-
ner in which the guidelines have been scored.[8]

The Court of Appeals agreed with the prose-
cutor, finding that the claim had been waived. The
Court of Appeals thus did not reach the merits of
the scoring question.[9] *People v Walker*, 155 Mich

conviction if both convictions are in one of the following low
severity "similarity groups." The groups are:
1. Assault, CSC
2. Drugs
3. Burglary, Property Destruction
4. Weapons Possession
5. Larceny, Fraud
6. Negligent Homicide
E. Score "1" point if the instant offense is low severity, the
prior conviction is high severity, and both convictions are in
one of the low severity similarity groups.

[6] MCL 750.92, 750.360; MSA 28.287, 28.592.

[7] MCL 750.92, 750.111; MSA 28.287, 28.306.

[8] In the opening paragraph of the prosecutor's short argument to
the Court of Appeals, he stated that the defendant's claim "is without
merit." In context, though, it is clear that this was simply introduc-
tory language prefacing the assertion that the claim has been waived.
The prosecutor did not argue that the guidelines were correctly
scored.

[9] The Court of Appeals also rejected the defendant's claim that trial
counsel's failure to object to the improper scoring deprived him of the
effective assistance of counsel.

App 247; 399 NW2d 489 (1986). In full, the opinion of the Court of Appeals appears in the margin.[10]

The defendant has filed in this Court a request for review pursuant to MCR 7.303.

II

The Court of Appeals relied upon *People v Jones,* 147 Mich App 292, 294-295; 382 NW2d 772 (1985),[11] and *People v Kennie,* 147 Mich App 222, 225-226; 383 NW2d 169 (1985), to support its statement that the defendant "did not object to the

---

[10] On February 27, 1984, defendant pled guilty to a charge of entry without breaking with intent to commit larceny, MCL 750.111; MSA 28.306. He was sentenced on May 29, 1984, to a prison term of from twenty-seven months to five years and now appeals as of right.

Defendant's first argument on appeal is that he is entitled to be resentenced because the trial court allegedly erroneously calculated one of the prior record variables in filling out the sentencing information report (SIR). Defendant however did not object to the scoring during the sentencing proceedings and, therefore, has waived this claim on appeal. *People v Jones,* 147 Mich App 292, 294-295; 382 NW2d 772 (1985); *People v Kennie,* 147 Mich App 222, 225-226; 383 NW2d 169 (1985).

Defendant also argues that his trial counsel's failure to object to the alleged improper scoring of the SIR deprived him of effective assistance of counsel. We also decline to review this issue. If defense counsel had pursued proper procedures, he would have brought a motion in the trial court to vacate the sentence. *Jones, supra; Kennie, supra.* The court then could have reviewed the claim of inaccuracy, thereby alleviating the need for defendant to raise the ineffective assistance claim with this Court. Were the lower court in such a situation to conclude that the sentencing guidelines were erroneously computed, then the defendant would be entitled to be resentenced. On the other hand, if defendant's claim of inaccuracy were found to be without merit, then he would have no grounds upon which to base an argument in support of ineffective assistance. Adherence to this procedure provides the defendant with the opportunity to be sentenced based on accurate information without having to file an appeal.

Affirmed.

[11] Lv den 425 Mich 867 (1986).

scoring during the sentencing proceedings and, therefore, has waived this claim on appeal." 155 Mich App 248. In *Jones,* the Court of Appeals said "that when the SIR[12] is available to the defendant and defense counsel prior to sentencing, defendant must challenge the accuracy of that report prior to imposition of the sentence or, at least, prior to appeal." 147 Mich App 294. In *Kennie,* the Court of Appeals said "that defendants must specifically object at sentencing to alleged SIR scoring inaccuracies." 147 Mich App 226. Earlier in *Kennie,* the Court of Appeals had observed that appellate counsel "failed to move to vacate defendant's sentence in the trial court prior to filing this appeal" and that appellate counsel had not "moved for a remand to the trial court after defendant's claim of appeal was filed."[13] 147 Mich App 225.

We agree with the approach taken by the Court of Appeals in these cases. A defendant who wishes to challenge the scoring of the sentencing guidelines must offer this challenge to the sentencing judge before raising the issue on appeal. To preserve the issue, defendant must bring it to the attention of the trial court at sentencing, by a properly filed motion within the time period for filing a motion for new trial,[14] or by a timely filed motion to remand in the Court of Appeals.[15] MCR 7.211(C)(1).

---

[12] Sentencing information report.

[13] MCR 7.211(C)(1).

[14] See MCR 7.204(A)(2)(b) and MCL 770.2; MSA 28.1099.

[15] If a defendant pleads guilty or nolo contendere and later files a motion to withdraw the plea pursuant to MCR 6.101(F)(7)(a), the defendant must also raise at that time any remaining challenges to the scoring of the guidelines. A motion to remand pursuant to MCR 7.211(C)(1) need not be granted to a defendant who wishes to challenge the scoring of the guidelines if a motion pursuant to MCR 6.101(F)(7)(a) has already been heard by the trial court.

III

Although the defendant in this case failed to properly raise a challenge to the manner in which the guidelines were scored, we will discuss this problem for the benefit of the bench and bar. If a defendant properly raises a challenge to the manner in which the guidelines are scored, the trial court shall resolve that challenge in the same fashion that it resolves any other dispute concerning the accuracy of information to be considered at sentencing.

As reflected by the commentaries published by Professors LaFave and Israel[16] and by the American Bar Association,[17] there has been little authoritative guidance available concerning the allocation and nature of the burdens of proof at such hearings.[18] We are persuaded, though, that Standard 18-6.4(c) of the American Bar Association Standards for Criminal Justice (2d ed) should be adopted for use in Michigan. It provides:

> In reaching its findings on all controverted issues [of fact which are relevant to the sentencing decision], the sentencing court should employ the preponderance of the evidence standard and may treat the contents of a verified presentence report as presumptively accurate, provided, however, that material factual allegations made in the presen-

---

[16] 3 LaFave & Israel, Criminal Procedure, § 25.1, pp 113-116.

[17] 3 American Bar Association, Standards for Criminal Justice (2d ed), Commentary on Standard 18-6.4(c), pp 18-462 to 18-467.

[18] Of course, careful prosecutors can largely avoid this area of controversy by assuring that the record of a defendant's trial or plea proceeding contains testimony, or admissions from the defendant, establishing evidentiary support for the offense variables that the prosecutor hopes will be scored at sentencing. With equal ease, the prosecutor can obtain, at sentencing, confirmation from the defendant that the presentence report accurately states the defendant's prior record. Defense counsel likewise should take care that the guidelines are correctly scored.

tence report and effectively challenged by the defendant should not be deemed to satisfy the government's burden of persuasion unless reasonable verification of such information can be shown to have been made [by the person who prepared the presentence report] or adequate factual corroboration otherwise exists in the sentencing or trial record.[19]

Thus, a defendant who seeks to challenge a proposed scoring decision bears the burden of going forward with an "effective challenge." Whether that requirement is satisfied with a flat denial of an adverse factual assertion, or whether an affirmative factual showing is required, will depend upon the nature of the disputed matter. Some negatives are obviously difficult or impossible to demonstrate by affirmative proof.

Once a defendant has "effectively challenged" an adverse factual assertion, the prosecution must prove by a preponderance of the evidence that the facts are as the prosecution asserts. This rule is consistent with prior holdings of this Court[20] and the Court of Appeals.[21]

Where the record of the trial or of the plea proceeding[22] contains evidence supporting or opposing a proposed decision concerning the scoring of a variable, the sentencing judge shall exercise discretion in deciding whether to entertain further proofs.

We have considered, but decline to address, defendant's other allegation of error.

---

[19] The words "verified" and "verification" do not refer to an oath as in MCR 2.113(A) and 2.114(A). Rather they refer to the normal obligation of the prosecutor and defense counsel to confirm the accuracy of the presentence report.

[20] *People v Moore,* 391 Mich 426, 441; 216 NW2d 770 (1974).

[21] *People v Alvarado,* 142 Mich App 151, 161-164; 369 NW2d 462 (1984).

[22] The same rule applies to evidence obtained at a preliminary examination, evidentiary hearing, or other proceeding on the record.

The defendant's request for review under MCR 7.303 is treated as an application for leave to appeal and, in lieu of granting that application, we affirm the decision of the Court of Appeals. MCR 7.302(F)(1).

RILEY, C.J., and LEVIN, BRICKLEY, CAVANAGH, BOYLE, ARCHER, and GRIFFIN, JJ., concurred.