PEOPLE v LOPEZ (AFTER REMAND)

Docket No. 141611. Submitted March 4, 1993, at Lansing. Decided
November 15, 1993, at 9:25 A.M. Leave to appeal sought.

Ricardo Lopez pleaded guilty in the Ingham Circuit Court, Caro-
lyn Stell, J., of criminal sexual conduct in the first degree and
was sentenced to a prison term of twenty-five to sixty years.
The defendant appealed. The Court of Appeals, DANHOF, C.J.,
and BEASLEY and MICHAEL J. KELLY, JJ., affirmed both the
conviction and the sentence. Unpublished opinion per curiam,
decided November 2, 1989 (Docket No. 104085). The Supreme
Court, in lieu of granting leave to appeal, remanded to the
Court of Appeals for reconsideration in light of *People v Milb-
ourn*, 435 Mich 630 (1990). 437 Mich 858 (1990). The Court of
Appeals, DANHOF, C.J., and HOLBROOK, JR., and WAHLS, JJ.,
remanded to the trial court for resentencing, with instructions
that the trial court utilize the second edition of the sentencing
guidelines. Unpublished opinion per curiam, decided January
18, 1991 (Docket No. 135019). On remand, the trial court
resentenced the defendant to the same prison term of twenty-
five to sixty years. The defendant's motion for resentencing was
denied. The defendant appealed.

The Court of Appeals *held:*

1. Resentencing the defendant pursuant to the second edition
of the sentencing guidelines, despite the fact that he was
originally sentenced in accordance with the first edition of the
guidelines and the second edition resulted in a harsher recom-
mended sentence, did not deprive the defendant of his right to
due process or subject him to a constitutionally prohibited ex
post facto law.

2. The trial court erred in holding that the defendant had
waived his right to object to statements contained in the
presentence report by failing to raise that objection when
originally sentenced. A resentencing ordered by the Court of

REFERENCES

Am Jur 2d, Constitutional Law § 643; Criminal Law §§ 581, 590,
596.

Supreme Court's views as to what constitutes an ex post facto law
prohibited by Federal Constitution. 53 L Ed 2d 1146.

Appeals is a new proceeding at which the defendant has the same right to challenge information as was available in the original proceedings. Accordingly, a further remand to the trial court is necessary to afford the defendant the opportunity to challenge the contents of the presentence report. Resentencing is required only if the trial court finds that the defendant has a valid basis to challenge the contents of the presentence report, that elimination of consideration of the successfully challenged assertions results in a change in the recommended sentence, and that the sentence originally imposed is deemed disproportionate when considered in light of that change.

Remanded.

1. SENTENCES — SENTENCING GUIDELINES — RESENTENCING.

Resentencing a defendant pursuant to the second edition of the sentencing guidelines following a successful appeal of a sentence imposed pursuant to the first edition of the guidelines does not deny the defendant due process or amount to application of an ex post facto law.

2. SENTENCES — RESENTENCING.

A defendant, on remand to the trial court following a successful appeal of the sentence imposed, may challenge information in the presentence report in the same manner as could have been done originally.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, and *Samuel R. Smith,* Chief Appellate Attorney, for the people.

*James D. Lovewell,* for the defendant.

AFTER REMAND

Before: MICHAEL J. KELLY, P.J., and MARILYN KELLY and CONNOR, JJ.

MARILYN KELLY, J. Defendant appeals from an Ingham County Circuit Court order denying his motion for resentencing. He argues that the trial court erred in not permitting him to file objections to the presentence investigation report (PSR) and

the sentencing information report (SIR). He asserts that his sentence is disproportionate and that the court erred in sentencing him under the second edition of the guidelines. We remand.

Defendant pled guilty to first-degree criminal sexual conduct in 1987. MCL 750.520b; MSA 28.788(2). His sentence was twenty-five to sixty years in prison. On appeal, we affirmed both the conviction and the sentence. *People v Lopez,* unpublished opinion per curiam of the Court of Appeals, decided November 2, 1989 (Docket No. 104085). The Michigan Supreme Court, in lieu of granting leave to appeal, remanded to us for reconsideration in light of *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). On remand, we returned the case to the trial court for resentencing under *Milbourn* and instructed the trial court to utilize the second edition of the guidelines. *People v Lopez,* unpublished opinion per curiam of the Court of Appeals, decided January 18, 1991 (Docket No. 135019).

For resentencing, an updated PSR was prepared. It contained the original PSR plus a two-page update. Defense counsel objected to statements made in the original PSR and to the scoring of the SIR based on the statements. The trial court refused to consider challenges to the original PSR or the SIR which alleged inaccuracies not objected to during the initial sentencing. The judge determined that the PSR as supplemented supported the scoring of the SIR. She resentenced defendant to the same term as before, twenty-five to sixty years in prison, this time using the second edition of the sentencing guidelines.

Defendant next filed a motion for resentencing. The judge denied it. Relying on the law of the case doctrine, she refused to allow defendant to attack

the factual basis of the original PSR. The judge cited this Court's ruling which said:

> Defendant contends that the trial court improperly considered offenses other than the one offense on which defendant stood convicted, specifically, those counts which were dismissed pursuant to the plea agreement.
>
> When imposing sentence, the trial court may consider other criminal activity for which no conviction resulted, including dismissed charges, provided that the defendant is given an opportunity for refutation. Also, though the sentencing judge may not make an independent finding of guilt on some other charge, the judge may consider the defendant's admissions. Here, defendant was given the opportunity to refute the other alleged criminal sexual conduct offenses described and contained in the pre-sentence report in accord with MCR 6.101(K). In fact, defendant did object to and deny one specific sexual act. However, he admitted to the remainder of the investigator's version. In doing so, defendant admitted to multiple assaults. The trial judge could properly consider those admissions in sentencing. [*People v Lopez,* unpublished opinion per curiam of the Court of Appeals, decided November 2, 1988 (Docket No. 104085).]

I

Defendant argues that the trial court erred in sentencing him under the second edition of the Michigan sentencing guidelines. See *People v Fisher (After Second Remand),* 190 Mich App 598; 476 NW2d 762 (1991), rev'd 442 Mich 560; 503 NW2d 50 (1993). We find no merit to his argument, because its premise was nullified when the Michigan Supreme Court reversed this Court's ruling in *Fisher.* In *Fisher,* the defendant was originally sentenced under the first edition of the

guidelines. He was resentenced under the second edition, subjecting him to a harsher recommended sentence. The Supreme Court concluded that sentencing someone under the second edition of the guidelines, who had initially been subject to the first, violated neither due process nor ex post facto laws. Therefore, we find no error in the sentencing of defendant in this case under the second edition of the guidelines.

II

Defendant argues that the trial court erred in refusing to allow him to challenge information contained in the original PSR and in the scoring of the SIR. A defendant waives his right to challenge inaccuracies in the PSR if he fails to raise them at the time of sentencing. *People v Sharp,* 192 Mich App 501, 504; 481 NW2d 773 (1992). In addition, a defendant waives any challenge to the SIR's scoring not made (1) at sentencing, or (2) by a motion for resentencing, or (3) by a timely filed motion to remand in this Court. *People v Walker,* 428 Mich 261, 266; 407 NW2d 367 (1987); MCR 6.429(C). However, in the instant case, we are not bound by *Sharp* and *Walker.* They did not address the specific question at issue here, whether a defendant waives challenges at resentencing which were not made to information used during the original sentence.

We agree with defendant that, at resentencing, he is entitled to all of the protections he was guaranteed during his initial sentencing. We see no reason to distinguish between rights available at an original sentencing and at a resentencing; a resentencing imposes a new proceeding. Therefore, at resentencing defendant must be accorded the right to challenge information in the original and

supplemental PSR as well as the scoring of the SIR. See MCR 6.425(D).

Even if the trial court finds that the SIR was improperly scored, resentencing may not be required. If the trial judge determines that the sentence is proportionate in light of any corrections made in the scoring of the guidelines, no resentencing will be required. See *People v Polus,* 197 Mich App 197; 495 NW2d 402 (1992); *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). Assuming the guidelines were properly scored, we would find defendant's sentence proportionate. Defendant has failed to convince us that unusual circumstances exist necessitating a downward departure from the guidelines' recommended range. See *Milbourn,* 661.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.