# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 4, 2008

135576

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

JERRY LEE MOORE,
      Defendant-Appellee.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 135576
COA: 271928
Wayne CC: 06-002943-01

On order of the Court, the application for leave to appeal the November 27, 2007 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE that part the judgment of the Court of Appeals finding insufficient evidence that the defendant possessed a firearm and overturning his conviction for being a felon in possession of a firearm.  The jury could reasonably infer that the defendant exercised control over the firearm by eluding the police until his passenger could dispose of the firearm.  *People v Hill*, 433 Mich 464 (1989).  We REMAND this case to the Court of Appeals for further proceedings not inconsistent with this order, including consideration of other issues raised by the defendant in his appeal of right.  In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining question presented should be reviewed by this Court.

CORRIGAN, J., concurs in part, dissents in part, and states as follows:

I concur with the majority's decision to reinstate defendant's conviction of being a felon in possession of a firearm on the basis that the evidence was sufficient that defendant possessed a firearm.  I dissent, however, from the majority's decision to deny the part of the prosecution's application for leave to appeal arguing that the Court of Appeals erred in remanding the case for resentencing.

Defendant was convicted of third-degree fleeing and eluding a police officer and felon in possession of a firearm.  At sentencing, the trial court incorrectly stated that it had the power to impose consecutive sentences.  Defendant did not object to this

statement.  Despite the trial court's statement, it nonetheless imposed concurrent sentences that were within the sentencing guidelines range.  The Court of Appeals held that defendant was entitled to resentencing because his sentence was based on inaccurate information (i.e., the trial court's mere belief that it could impose consecutive sentences).  This case truly presents a textbook example of harmless error.

In my opinion, the Court of Appeals incorrectly held that defendant was entitled to resentencing because of inaccurate information.  If a sentence is within the appropriate guidelines range (as defendant's was), a defendant is precluded from raising on appeal an issue challenging the accuracy of the information relied upon in sentencing unless the issue was raised at sentencing, in a proper motion for resentencing, or in a proper motion to remand.  MCL 769.34(10)[1]; *People v Francisco*, 474 Mich 82, 88-89 (2006), citing *People v Kimble*, 470 Mich 305, 310-311 (2004).  If the sentence is within the appropriate guidelines range and the defendant failed to previously raise the sentencing error, "the defendant cannot raise the error on appeal except where otherwise appropriate, as in a claim of ineffective assistance of counsel." *Francisco, supra* at 90 n 8.

Defendant does not dispute that the trial court sentenced defendant within the appropriate guidelines range.  Therefore, under MCL 769.34(10), defendant could argue on appeal that his sentence was based on inaccurate information only if he properly preserved the issue by raising the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the Court of Appeals.  Defendant failed to take the statutorily required steps to preserve this issue.  Defendant did not object at sentencing to the trial court's statement that he was subject to consecutive sentencing.  Although defendant raised the issue in a motion for resentencing[2] in the trial court and a motion to remand in the Court of Appeals, both motions were late.  See MCR

---

[1]  MCL 769.34(10) provides:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. *A party shall not raise on appeal an issue* challenging the scoring of the sentencing guidelines or *challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.*  [Emphasis added.]

[2] Defendant actually wrote the trial judge a letter, but the trial court treated the letter as a motion to correct the presentence investigation report.

6.429(B)(2).[3]  In fact, defendant filed these motions *after* he filed his claim of appeal in the Court of Appeals.  Because the motions were untimely, defendant did not preserve the issue by raising it in a *proper* motion for resentencing or a *proper* motion to remand.  See *People v Walker*, 428 Mich 261, 266 (1987) (to preserve a scoring issue for appeal, a defendant's motion to remand in the Court of Appeals must be timely).  Thus, defendant is precluded under MCL 769.34(10) from challenging the accuracy of the information relied on in imposing his sentence.[4]  I would reverse the Court of Appeals holding that defendant is entitled to resentencing.

KELLY, J., would deny leave to appeal.

---

[3] MCR 6.429(B)(2) provides, "If a claim of appeal has been filed, a motion to correct an invalid sentence may only be filed in accordance with the procedure set forth in MCR 7.208(B) or the remand procedure set forth in MCR 7.211(C)(1)."  Both defendant's motion for resentencing and motion for remand were late under MCR 6.429(B)(2).

[4] This case is distinguishable from *Francisco*.  In *Francisco, supra* at 89, this Court considered the defendant's challenge to the offense variables because the defendant preserved the issue at sentencing.  In the instant case, defendant did not preserve the sentencing issue.  Further, in *Francisco*, this Court remanded for resentencing because the trial court's scoring error affected the guidelines range.  In the instant case, the trial court's erroneous belief that defendant was subject to consecutive sentencing did not affect the guidelines range.



I,  Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 4, 2008

p0401

Clerk