PEOPLE v THORNSBURY

Docket No. 82135. Submitted October 4, 1985, at Lansing.—Decided December 17, 1985.

Defendant, John Thornsbury, Jr., pled guilty in the Ingham Circuit Court to one count of larceny in a building and to being a sixth felony offender. The trial court, Thomas L. Brown, J., sentenced defendant to from 6 to 15 years' imprisonment. Defendant appeals contending that his sentence for shoplifting a $39.95 fan from a store constitutes an abuse of sentencing discretion by the trial court. *Held:*

1. The choice to charge defendant with larceny in a building, a four-year felony, instead of with shoplifting under the simple larceny statute, which is a 90-day misdemeanor, was entirely within the discretion of the prosecutor's office and the record does not suggest any abuse of that discretion in the prosecution of this defendant.

2. Defendant was properly convicted of the felony offense of larceny in a building and the value of the property taken has no bearing on the maximum allowable sentence.

3. The filing of a supplemental information charging the defendant, who has an extensive criminal record, as an habitual offender is permitted under the circumstances here.

4. Only one sentence enhancement statute was applied in this case.

5. The statutes as written allow persons convicted of discretionary felonies to be charged as habitual offenders as well.

6. The Court of Appeals determined that, while defendant's

REFERENCES

Am Jur 2d, Appeal and Error §§ 545 *et seq.*
Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 1 *et seq.*
Am Jur 2d, Larceny § 44.
Am Jur 2d, Prosecuting Attorneys §§ 23-29.
Defendant's right to diclosure of presentence reports. 40 ALR3d 681.
See also the annotations in the ALR3d/4th Quick Index under District and Prosecuting Attorneys; Habitual Criminals; Larceny.

sentence is harsh, the sentence does not shock its conscience in light of defendant's habitual offender status.

7. The presentence report complied with the written recommendation requirement of MCL 771.14.

8. The Court of Appeals declined to hold that the trial court was obligated to use the Sentencing Guidelines in sentencing the defendant. The guidelines do not apply to habitual offender sentencing.

9. Defendant did not preserve for appellate review his allegation that his sentence was based on inaccurate information, since he failed to file a motion to withdraw his plea on that basis.

10. A supplemental information does not make a separate substantive crime out of a collection of past offenses, but rather involves a procedure for sentence enhancement of a subsequent committed offense. Therefore, double jeopardy protections are not violated thereby.

Affirmed.

1. PROSECUTING ATTORNEYS — CHARGING FUNCTION.

The choice of charging a criminal defendant under the simple larceny statute, which is a 90-day misdemeanor, or under the statute regarding larceny in a building, a four-year felony, is entirely within the discretion of the prosecutor's office where the defendant, who shoplifted a $39.95 article, can be charged under either statute (MCL 750.356, 750.360, 750.503, 750.504; MSA 28.588, 28.592, 28.771, 28.772).

2. LARCENY — SENTENCING — LARCENY IN A BUILDING.

The value of the property taken has no bearing on the maximum allowable sentence which may be given to a defendant who is properly convicted of the felony offense of larceny in a building (MCL 750.360, 750.503; MSA 28.592, 28.771).

3. CRIMINAL LAW — SUPPLEMENTAL INFORMATIONS — HABITUAL OFFENDERS — DISCRETIONARY FELONY INFORMATIONS — PROSECUTING ATTORNEYS.

The filing of a supplemental information charging a criminal defendant as an habitual offender is permitted in circumstances where the prosecutor also exercises his charging discretion and charges the defendant with a felony rather than a misdemeanor (MCL 769.12; MSA 28.1084).

4. CRIMINAL LAW — PRESENTENCE REPORTS.

A presentence report which specifically recommends that the defendant be given "a very lengthy prison term" complies with

the written recommendation requirement applicable to such reports (MCL 771.14; MSA 28.1144).

5. Criminal Law — Sentencing Guidelines — Habitual Offenders.

The Sentencing Guidelines are not intended to be applied to habitual offender sentencing.

6. Criminal Law — Appeal — Preserving Question.

A defendant who alleges that his sentence was based on inaccurate information fails to preserve the issue for appellate review where he fails to file a motion in the trial court to withdraw his plea on that basis.

7. Criminal Law — Double Jeopardy — Supplemental Informations — Habitual Offenders.

Supplemental informations do not charge substantive offenses but merely provide a mechanism whereby the maximum allowable sentence is increased based on defendant's criminal record; the double jeopardy protections are not violated thereby.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, and *Robert B. Ebersole,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *Chari Grove),* and *Donald E. Martin,* for defendant on appeal.

Before: M. J. Kelly, P.J., and Allen and R. M. Shuster,* JJ.

Per Curiam. Defendant pled guilty to one count of larceny in a building, MCL 750.360; MSA 28.592, and to being a sixth felony offender, MCL 769.12; MSA 28.1084. On August 15, 1984, defendant was sentenced to a term of from 6 to 15 years in prison. He now appeals from this sentence as of right. We affirm.

Defendant contends that a sentence of from 6 to 15 years for "shoplifting" far exceeds what any

* Circuit judge, sitting on the Court of Appeals by assignment.

reasonable person would perceive to be an appropriate social response to defendant's conduct and thus constitutes an abuse of sentencing discretion. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). Upon close analysis, we disagree.

Defendant in this case pled guilty as charged to the theft of a $39.95 fan from a Muir's Drug Store in Lansing, Michigan. While it is true that defendant could have been charged with shoplifting under the simple larceny statute, MCL 750.356; MSA 28.588, which is a 90-day misdemeanor under MCL 750.504; MSA 28.772, the prosecutor chose instead to charge defendant under the four-year felony statute of larceny in a building. MCL 750.360; MSA 28.592 and MCL 750.503; MSA 28.771. This choice was entirely within the discretion of the prosecutor's office and the record does not suggest any abuse of that discretion in the prosecution of this defendant. *People v Ford,* 417 Mich 66, 92-93; 331 NW2d 878 (1982); *People v Evans,* 94 Mich App 4, 8-9; 287 NW2d 608 (1979). Defendant was properly convicted of the felony offense of larceny in a building and the value of the property taken has no bearing on the maximum allowable sentence.

On appeal, defendant does not challenge the right of the prosecution to charge him with a felony rather than a misdemeanor. Defendant does, however, submit that it is manifestly unjust to allow the prosecutor to further exercise his discretion by charging him as an habitual offender as well. Defendant argues that the impermissible effect of coupling discretionary felony informations with habitual offender supplements is the double enhancement of punishment such that the prosecution extends the maximum of sentences wholly disproportionate to the crime committed, such as a

15-year maximum sentence for the theft of a $40 fan from a drugstore.

Defendant's position is not entirely without merit. In *People v Evans, supra,* this Court expressly recognized that the prosecutor's decision to charge a felony rather than a misdemeanor is often prompted by the individual characteristics of the defendant, particularly his or her criminal record or recidivist tendencies. Defendant in this case, for example, has an extensive criminal record[1] and we do not doubt that it was this record that triggered both the felony charge and the filing of the supplemental information. However, absent any legislative directive to the contrary, we conclude that the filing of a supplemental information under these circumstances is permitted.

Defendant cites two cases in his brief on appeal in support of his position, both of which are inapposite. In *Busic v United States,* 446 US 398; 100 S Ct 1747; 64 L Ed 2d 381 (1980), defendants were convicted of felonious offenses including the assault of federal officers under 18 USC 111, which authorizes enhanced sentences if a deadly weapon is used in the assault. In addition, 18 USC 924(c)(1) generally authorizes sentence enhancement where a firearm is carried in the commission of a felony. Both defendants' sentences were enhanced under

---

[1] Defendant's presentence report listed his prior adult convictions as follows:

"3-19-74—Lansing—Delivery of Heroin—probation, one year jail.

"10-11-74—Lansing—Larceny Under $100—90 days jail.

"8-25-74—Lansing—Reckless Use of Firearms—3 yrs. 3 mos. to 5 years.

"5-17-76—Lansing—Perjury—3 yrs. 4 mos. to 5 years.

"6-25-76—Lansing—Att. U & P—2 yrs. to 5 yrs.

"10-21-76—Lansing—Assault With Intent to Do Great Bodily Harm Less Than Murder—5 yrs. to 10 yrs.

"12-12-80—Lansing—Larceny in a Building—2 yrs. 8 mos. to 3 yrs. 4 mos.

"5-2-82—Eaton County—Larceny in a Building—2 yrs. to 4 yrs."

both statutory provision, although the Third Circuit Court of Appeals subsequently held that 18 USC 924(c)(1) did not apply to defendant Larocca. The United States Supreme Court granted certiorari to consider the doubly enhanced sentence and held that, where a criminal defendant is convicted and sentenced under a statute which itself provides for sentence enhancement, the general enchancement provision of 18 USC 924(c)(1) may not also be applied.

In *State v Chapman,* 205 Neb 368; 287 NW2d 697 (1980), the Nebraska Supreme Court refused to allow sentencing enhancement under Nebraska's habitual offender statute where defendant had been convicted of driving under the influence of intoxicating liquor which, though normally a misdemeanor, had been elevated in that case to a three-year felony because it was defendant's third conviction for the same offense. The court held that offenses which are raised to the level of felonies simply by virture of the number of times they are committed should not be considered felonies for purposes of the habitual offender statute.

Both *Busic* and *Chapman* involved felony convictions under statutes which specifically provided for sentence enhancement. The Nebraska and the United States Supreme Courts held it impermissible under those circumstances to additionally apply a more general sentence enhancement statute. In the instant case, the statute under which defendant was convicted does not contain any sentencing enhancement provision. Rather, the larceny in a building statute clearly proscribes the precise conduct engaged in by this defendant and assigns a maximum allowable penalty of 4 years' imprisonment, through application of MCL 750.503; MSA 28.771. Only one sentence enhancement statute, MCL 769.12; MSA 28.1084, was applied in this

case. While we understand the policy reasons for analogizing *Busic* and *Chapman* to the type of situation presented here, we conclude that it is for the Michigan Legislature to decide whether the habitual offender statutes should apply to discretionary felony sentencing. As the statutes are now written, persons convicted of discretionary felonies may be charged as habitual offenders as well. While defendant's sentence of from 6 to 15 years for the theft of property valued at less than $100 is harsh, we cannot say that our consciences are shocked in light of his habitual offender status. *People v Coles, supra.*

Defendant raises several other challenges to his sentence, none of which merit extensive discussion. The presentence report specifically recommended "a very lengthy prison term" and thus complied with the written recommendation requirement of MCL 771.14; MSA 28.1144. *People v Perkins,* 141 Mich App 186, 197-198; 366 NW2d 94 (1985).

We decline to hold that the trial court was obligated to use the Sentencing Guidelines when it sentenced defendant at the August, 1984, sentencing hearing. While use of the Sentencing Guidelines was at that time mandatory, Administrative Order 1984-1, 418 Mich lxxx (1984), revisions of October, 1984, expressly provide that the guidelines do not apply to habitual offender sentencing. We interpret the October revision as an indication that the guidelines were never intended to apply to habitual offender sentencing. See *People v Reeves,* 143 Mich App 105; 371 NW2d 488 (1985), in which this Court refused to apply the Sentencing Guidelines to a sentence imposed in April of 1984 for that defendant's violation of probation. The October, 1984, revisions also expressly state

that the guidelines do not apply to sentences imposed for probation violations.

Defendant next alleges that his sentence was based on inaccurate information. Defendant failed to file a motion to withdraw his plea on this basis and has thus failed to preserve the issue for appellate review. *People v Baldwin,* 130 Mich App 653, 655; 344 NW2d 37 (1983). We are not persuaded that manifest injustice will result absent our review since defendant was convicted as a sixth felony offender and the presentence report clearly reveals that he had been previously convicted of at least 5 felony offenses.

Finally, we think that defendant's double jeopardy arguments have been adequately addressed by this Court in *People v Stevens,* 130 Mich 1, 7-8; 343 NW2d 219 (1983). Supplemental informations do not charge substantive offenses but merely provide a mechanism whereby the maximum allowable sentence is increased based on defendant's criminal record.

Affirmed.