PEOPLE v STRICKLAND

Docket No. 110759. Submitted September 6, 1989, at Lansing. Decided December 4, 1989.

Wyatt Strickland pled guilty in Saginaw Circuit Court, Fred J. Borchard, J., to charges of larceny from a person and being an habitual offender, third offense. He was sentenced as an habitual offender to 7½ to 15 years in prison. Defendant appealed, arguing that he was entitled to resentencing because the trial court failed to respond to his objections at sentencing concerning the scoring of the Sentencing Information Report.

The Court of Appeals *held:*

Resentencing is not required. The sentencing guidelines do not apply to habitual offender sentencing, and while the judge did refer to the guidelines when sentencing defendant, the reference to the guidelines was irrelevant. Any error in the court's failure to address defendant's challenges to the scoring of the SIR is harmless. The SIR pertains to the underlying offense and, in an habitual offender sentencing, is done to aid in the development of guidelines for habitual offender sentencing, not to guide the sentencing court in determining the habitual offender's sentence.

Affirmed.

SAWYER, J., dissented. He would hold that, where a defendant raises an effective challenge to the scoring of the SIR, it is necessary for the trial court to exercise its discretion in determining whether additional proofs are necessary and, with or without additional proofs, resolve the defendant's objection to the scoring. By not responding to defendant's objections, the court in this case failed to exercise any discretion. Furthermore, the sentencing transcript indicates that the judge did take the guidelines into account in sentencing defendant. Once the court chose to consider the guidelines, it was obligated to consider an accurately scored SIR. Judge SAWYER would remand for resentencing.

REFERENCES

Am Jur 2d, Criminal Law §§ 527, 551; Habitual Criminals and Subsequent Offenders §§ 30-32.

See the Index to Annotations under Habitual Criminals and Subsequent Offenders.

1. CRIMINAL LAW — SENTENCING — HABITUAL OFFENDERS — SEN-
    TENCING GUIDELINES.

   The sentencing guidelines do not apply to habitual offender
   sentencing.

2. CRIMINAL LAW — SENTENCING — HABITUAL OFFENDERS — SEN-
    TENCING INFORMATION REPORTS — HARMLESS ERROR.

   Any error which may have occurred by the failure of the sentenc-
   ing judge to respond to a defendant's objections concerning the
   scoring of the Sentencing Information Report was harmless
   where the defendant was sentenced as an habitual offender and
   the report was filled out on the underlying offense merely as an
   aid in the development of guidelines for habitual offender
   sentencings rather than as a guide to the sentencing court in
   determining the habitual offender's sentence.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Christopher S. Boyd,*
Prosecuting Attorney, and *Janet M. Boes,* Assis-
tant Prosecuting Attorney, for the people.

*Thomas J. Bleau,* for defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and SAWYER and
CAVANAGH, JJ.

MICHAEL J. KELLY, P.J. Defendant pled guilty to
charges of larceny from a person, MCL 750.357;
MSA 28.589, and being an habitual offender, third
offense, MCL 769.11; MSA 28.1083. Defendant was
sentenced as an habitual offender to 7½ to 15
years in prison. Defendant appeals from his sen-
tence as of right. We affirm.

Defendant argues that resentencing is required
because the trial court failed to respond to his
objections at sentencing concerning the scoring of
the Sentencing Information Report (SIR). We dis-
agree.

Defendant was sentenced as an habitual of-
fender. The circuit judge did refer to the guide-
lines when sentencing defendant, but we find this

reference to be irrelevant. The guidelines do not apply to habitual offender sentencing. Michigan Sentencing Guidelines Manual, 2d ed (1988), p 1; *People v Thornsbury,* 148 Mich App 92, 98; 384 NW2d 88 (1985). In an habitual offender sentencing, the trial court must fill out a SIR on the underlying offense. This is done to aid in the development of guidelines for habitual offender sentencings, rather than to guide the sentencing court in determining the habitual offender's sentence. Sentencing Guidelines Manual, *supra,* p 1. Since scoring the SIR was merely an administrative function which should not have had any effect on defendant's habitual offender sentence, the circuit court's failure to address defendant's challenges to the SIR scoring is harmless error. Resentencing is not required.

Affirmed.

CAVANAGH, J., concurred.

SAWYER, J. *(dissenting).* I respectfully dissent.

Defendant objected at sentencing to the scoring of three of the offense variables. The trial court never responded to defendant's objections, not even to summarily reject them. Where a defendant raises an effective challenge to the scoring of the SIR, the burden shifts to the prosecution to prove by a preponderance of the evidence that the facts are as the prosecution asserts in support of the scoring. *People v McCracken,* 172 Mich App 94, 105; 431 NW2d 840 (1988). However, where the record of the trial or the plea proceeding contains evidence supporting or opposing a proposed decision and the scoring of a variable, it is within the discretion of the sentencing judge to determine whether to entertain further proofs. *Id.*

In any event, it is necessary for the trial court to exercise its discretion in determining whether additional proofs are necessary and, with or without additional proofs, resolve the defendant's objection to the scoring. See *People v Walker,* 428 Mich 261, 268; 407 NW2d 367 (1987). In the case at bar, the trial court failed to exercise any discretion as it failed to respond to defendant's objections to the scoring of the SIR, thus making no determination whether additional proofs were necessary or whether defendant's objections to the proposed scoring were valid.

As for the majority's conclusion that any error in the scoring of the SIR is harmless since defendant was convicted as a habitual offender, I would normally agree. In general, I agree with the majority's reasoning since the guidelines are inapplicable to habitual offender cases. However, I do not believe that the error is harmless in this case. The sentencing transcript indicates that the sentencing judge *did* take the guidelines into account in sentencing defendant. Although the trial court was not required to consider the guidelines, once it chose to do so it was obligated to consider an accurately scored SIR. Simply put, defendant has the right to have the sentencing judge consider accurate information. Accordingly, I would remand for resentencing.