COLE, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority’s disposition of Allen’s right to present a defense claim. I write separately because I disagree with the majority’s rejection of Allen’s ineffective assistance of appellate counsel claim based on counsel’s failure to appeal the erroneous exclusion of evidence. Allen’s testimony clarifies that he was concerned about his seventeen-month-old twins’ safety, and the jury could have believed that this concern, not an intent to kill McMullen, motivated Allen’s actions on the day McMullen was killed. The trial court, however, improperly excluded the only evidence Allen offered to show he believed McMullen posed a serious danger to the twins: McMullen’s history of violence towards the children. Allen’s appellate counsel failed to argue that the trial court’s evidentiary errors affected the out *436 come of the case. Unlike the majority, I think that Allen’s counsel’s failure constituted ineffective assistance, because there is a reasonable probability that the Michigan Court of Appeals would have granted Allen a new trial had Allen’s counsel appealed the exclusion. I would therefore REVERSE the district court’s judgment in part and GRANT Allen’s petition.
As an initial matter, the majority holds that the Michigan Court of Appeals denied Allen’s claims on procedural grounds, and then “assume[s], without deciding, that his claims are not defaulted.” Slip Op. at 434. However, we need not assume that Allen’s ineffectiveness claim is not defaulted, since Allen advanced this claim below and thus did not default it. (See Allen Br. to the Michigan Court of Appeals (“Allen Collateral Appeal Br.”), Dist. Ct. Docket No. 25, at 9-21.) And, though it is unclear whether the Michigan Court of Appeals adjudicated his ineffectiveness claim on the merits, see People v. Allen, No. 249788, 2005 WL 1106498 (Mich.Ct.App. May 10, 2005), at *2, to the extent it did so, its adjudication was contrary to clearly established Supreme Court precedent. This is so because the Michigan Court of Appeals never stated the rule it applied to Allen’s ineffectiveness claim, and the only authority it cited, People v. Reed, 449 Mich. 375, 535 N.W.2d 496 (1995), added an additional element to the two-pronged test from Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): whether the outcome was “fundamentally unfair or unreliable.” Reed, 535 N.W.2d at 509 n. 21 (plurality opinion). The Supreme Court has held that an identical misunderstanding of its ineffectiveness jurisprudence was contrary to clearly established federal law. Williams v. Taylor, 529 U.S. 362, 393, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Thus, the Michigan Court of Appeals’ decision was contrary to clearly established Supreme Court precedent, and our review of Allen’s ineffectiveness claim is de novo. Dyer v. Bowlen, 465 F.3d 280, 284 (6th Cir.2006).
Allen claims that his counsel was ineffective because he failed to argue on direct appeal that the trial court’s evidentiary exclusions affected the trial’s outcome. To show that his appellate counsel was ineffective, Allen must establish that: (1) his counsel acted unreasonably by failing to make the evidentiary argument—an inquiry that depends largely on whether an omitted argument was “significant and obvious” and “clearly stronger than those presented,” see, e.g., Matthews v. Parker, 651 F.3d 489, 523-25 (6th Cir.2011) (citing Mapes v. Coyle, 171 F.3d 408, 427-28 (6th Cir.1999)); and (2) there is “a reasonable probability that, but for his counsel’s unreasonable failure [to make the evidentiary argument], he would have prevailed on his appeal,” Smith v. Robbins, 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).
Before addressing Allen’s claims, I feel it necessary to clarify the relevant portions of the record. The majority correctly states that Allen testified he brought the shotgun to Hunter’s apartment for protection. Slip Op. at 433. But the majority misunderstands whom Allen purportedly brought the shotgun to protect. While the majority suggests Allen claimed at trial that he brought the shotgun “because he feared for his safety,” id. at 434, Allen’s testimony makes clear that he was actually concerned for his children’s safety. Allen went to confront McMullen because Shepherd told him that McMullen “was messing with the kids.” (TT Vol. IV, Dist. Ct. Docket No. 15, at 37; see also TT Vol. Ill, Dist. Ct. Docket No. 13, at 14 (Allen’s cousin Hodo’s testimony on the same point).) Allen testified that when he arrived at Hunter’s apartment, he loudly announced his arrival by shouting at Hunter, “why is he messing with my kids.” (TT *437 Vol. IV, Dist. Ct. Docket No. 15, at 42.) Then, after finding McMullen, Allen berated McMullen for several minutes solely about McMullen’s abuse of the twins. (Id. at 45-47.)
However, the jury never heard the most significant evidence suggesting that Allen should be concerned about his children’s safety: Allen’s testimony that Hunter told him McMullen had threatened to kill the twins, and that McMullen had actually abused the twins in the past—specifically, that McMullen had “pinned ... [Allen’s] babies up.” (TT Vol. IV, Dist. Ct. Docket No. 15, at 27.) Without this foundation, trial counsel could not focus his closing argument on this explanation for Allen’s intent, so counsel had to direct his argument elsewhere.
Given these facts, I would hold that the evidentiary argument was significant and obvious, as well as clearly stronger than those Allen’s appellate counsel presented, and that there is a reasonable probability Allen would have won on appeal had the argument been made. First, the argument was obvious. Allen’s proffered testimony was excluded as hearsay. Hearsay, in Michigan, is defined as an out-of-court statement “offered in evidence to prove the truth of the matter asserted.” Mich. R. Evid. 801(c). Allen was not offering Hunter’s out-of-court statements to prove the truth of what those statements contained, but to prove that, true or not, they caused him to fear for his children. Allen’s counsel explained this and forcefully objected to the trial court’s rulings at the trial. (TT Vol. IV, Dist. Ct. Docket No. 15, at 24-33.) No competent attorney could read the transcript and miss the trial court’s elementary error.
The error was also significant. Allen’s explanation for bringing a shotgun to his ex-girlfriend’s apartment was that he feared for his children’s safety. But due to the trial court’s erroneous exclusions, the jury heard no evidence suggesting that Allen had any basis for such a fear. Instead, the jury was left to believe that, after hearing merely that McMullen was “messing with” Allen’s children, Allen decided to confront McMullen with a shotgun. Any competent appellate counsel would perceive that the trial court’s rulings significantly colored the jury’s view of the evidence.
Furthermore, the evidentiary argument was “clearly stronger” than those Allen’s appellate counsel presented. Allen made six arguments on direct appeal, and all were meritless. First, Allen advanced a Batson claim on the ground that the prosecutor struck two black jurors. (Allen Br. to the Michigan Court of Appeals (“Allen Direct Appeal Br.”), Dist. Ct. Docket No. 21, at 10.) However, the prosecutor struck several white jurors, accepted one black juror, and articulated satisfactory reasons for its peremptory objections. See Batson v. Kentucky, 476 U.S. 79, 93-94, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) (requiring a greater showing to establish prejudice); TT Vol. I, Dist. Ct. Docket No. 12, at 162-63; TT Vol. IV, Dist. Ct. Docket No. 15, at 193-96. Second, Allen argued that the trial court should have granted his motion for a directed verdict as to first-degree murder because no evidence in the record supported a finding of premeditation, (Allen Direct Appeal Br., Dist. Ct. Docket No. 21, at 15), but the jury could have inferred premeditation from Allen’s trip home to get his gun and the twenty to forty-five minutes that elapsed between Allen’s conversation with Shepherd and McMullen’s shooting, (TT Vol. III, Dist. Ct. Docket No. 14, at 63-64). See People v. Gonzalez, 178 Mich.App. 526, 444 N.W.2d 228, 231 (1989). Third, Allen argued that his counsel was ineffective for failing to request an instruction on careless use of a firearm *438 with death resulting. (Allen Direct Appeal Br., Dist. Ct. Docket No. 21, at 19.) Yet the jury was instructed on voluntary or involuntary manslaughter, and chose instead to find Allen guilty of second degree murder. (See TT Vol. IY, Dist. Ct. Docket No. 15, at 168-69.) Given that the jury declined to find Allen guilty of manslaughter rather than murder, the failure to provide the even lesser instruction regarding careless use of a firearm with death resulting did not affect the outcome. See People v. Chamblis, 395 Mich. 408, 236 N.W.2d 473, 477-78 & n. 5 (1975), overruled on other grounds by People v. Cornell, 466 Mich. 335, 646 N.W.2d 127 (2002).
Fourth, Allen argued that the prosecution made prejudicial remarks during summation. (Allen Direct Appeal Br., Dist. Ct. Docket No. 21, at 25.) Allen’s counsel, however, never objected to any of these remarks, (People v. Allen, No. 136139, at *1 (Mich.Ct.App. June 2, 1993), available at Dist. Ct. Docket No. 21, at 1-2), and, in any case, none of them was prejudicial in light of the curative instructions to the jury, see People v. Malone, 193 Mich.App. 366, 483 N.W.2d 470, 472 (1992). Fifth, Allen claimed he was coerced into pleading guilty to a habitual-offender charge because the trial court refused to take the time needed to track down a plea transcript from a prior conviction. (Allen Direct Appeal Br., Dist. Ct. Docket No. 21, at 28.) Nonetheless, he maintained the ability to subsequently challenge the plea based on the plea transcript but never did so; thus, he cannot establish that, but for the coerced plea, he might have been found innocent of the habitual offender charge. Cf. People v. Lawton, 196 Mich.App. 341, 492 N.W.2d 810, 814 (1992). Sixth, Allen contended that his indeterminate sentence of thirty to sixty years of imprisonment deviated substantially from the Michigan sentencing guideline range of ten to twenty-five years. (Allen Direct Appeal Br., Dist. Ct. Docket No. 21, at 31.) However, at the time, the guidelines did not apply to habitual offenders like Allen, see People v. Edgett, 220 Mich.App. 686, 560 N.W.2d 360, 363 (1996); People v. Strickland, 181 Mich.App. 344, 448 N.W.2d 848, 848 (1989), and they only set a sentence’s minimum, not both the minimum and maximum, see People v. Frank, 155 Mich.App. 789, 400 N.W.2d 718, 719 (1986). In short, all of the six arguments Allen’s counsel made on direct appeal were much weaker than the significant and obvious evidentiary argument Allen’s appellate counsel failed to make. Allen’s appellate counsel’s performance was thus, as the district court correctly held, deficient.
Finally, counsel’s failure to make the evidentiary argument prejudiced Allen’s appeal. To show prejudice, Allen must show that there is a reasonable probability that he would have prevailed on appeal if not for his counsel’s deficient performance. Smith, 528 U.S. at 285, 120 S.Ct. 746. To have prevailed on appeal at the time, Allen would have to show that it was not “clear that the error[s] did not prejudice the defendant.” People v. Lee, 434 Mich. 59, 450 N.W.2d 883, 895 (1990). The majority contends that the excluded evidence was cumulative, and that its exclusion, therefore, did not prejudice Allen. Slip Op. at 435. But, as noted above, the majority reaches this conclusion by misunderstanding the purpose for which Allen offered the evidence. Allen did not seek to introduce this evidence to show that McMullen was a violent man generally—and thus a person from whom Allen needed a shotgun to protect himself; Allen sought to introduce the evidence to show that, in his mind, on the day of the shooting, McMullen posed a threat to the children. The evidence would have been cumulative for the first point, but it was not cumulative for the second.
Because the evidence was not cumulative, it is unclear that its exclusion did not *439 affect the outcome of the trial. Allen’s testimony indicates that he was concerned for his children on the day McMullen died, and the jury could have believed this concern drove him to take a gun to Hunter’s apartment. Therefore, it would have been more likely to believe that Allen never formed an intent to kill McMullen and that McMullen’s death was an accident. The majority observes that the jury “could just as easily” have concluded, had the evidence been let in, that Allen shot McMullen out of anger over McMullen’s treatment of the children. Id. at 434. This is true, but it does not defeat Allen’s ineffectiveness argument because it is not clear that the jury would have so reasoned. See Lee, 450 N.W.2d at 895. Had the jury heard that Hunter told Allen that McMullen abused and threatened to kill the children, it could have thought that when Allen subsequently heard that McMullen was “messing with” the children, he reasonably became alarmed and brought the shotgun to protect his children. And, had the jury believed that Allen did not bring the shotgun to kill McMullen, it would have been less likely to believe that Allen later formed the requisite intent, and more likely to believe that McMullen’s death was an accident. There is, therefore, a reasonable probability that the Michigan Court of Appeals would have thought it unclear whether the exclusion affected the trial’s outcome. Therefore, because I believe that counsel’s failure to make the evidentiary argument was unreasonable and prejudiced Allen’s appeal, I would REVERSE the district court’s judgment, GRANT the writ, and REINSTATE Allen’s direct appeal of right. See Mapes v. Tate, 388 F.3d 187, 194 (6th Cir.2004). I respectfully dissent.