PEOPLE v McCOY

Docket No. 110764. Submitted May 9, 1989, at Detroit. Decided
August 1, 1989.

Robert Lee McCoy pled guilty in Oakland Circuit Court, Steven
N. Andrews, J., to charges of larceny in a building and being
an habitual offender, fourth offense. Defendant was sentenced
on the larceny conviction, which sentence was then vacated,
and defendant was sentenced to not less than two nor more
than fifteen years in prison on the habitual offender conviction.
Defendant appealed.

The Court of Appeals *held:*

1. Defendant's contention that the sentencing information
report was incorrectly scored and he should be resentenced
under a correctly scored sentencing information report is with-
out merit. The sentencing guidelines do not apply to habitual
offender sentences and were not relied upon by the trial court
in sentencing defendant.

2. The court erred in ruling that defendant's motion for
resentencing was not timely filed. Where a conviction is ob-
tained by way of a plea of guilty or nolo contendere, a motion
for resentencing is timely if filed within fifty-six days after the
filing of the sentencing transcript. Defendant's motion was filed
forty-nine days after the transcript of sentencing was filed.
Despite the fact that the trial court erred in ruling that
defendant's motion for resentencing was not timely filed, defen-
dant is not entitled to resentencing. His argument that he was
incorrectly sentenced has been rejected.

Affirmed.

1. CRIMINAL LAW — SENTENCING — HABITUAL OFFENDERS — SEN-
TENCING GUIDELINES.

The sentencing guidelines do not apply to habitual offender
sentences.

2. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES — MISS-
CORING OF VARIABLES — APPEAL.

A defendant who wishes to preserve for appeal a challenge of the

REFERENCES

Am Jur 2d, Courts § 86; Criminal Law §§ 525 *et seq.*; Habitual
Criminals and Subsequent Offenders §§ 1 *et seq.*

scoring of prior record variables under the sentencing guidelines must bring the matter to the attention of the trial court at sentencing, by a properly filed motion within the time period for filing a motion for a new trial, or by a timely filed motion for remand in the Court of Appeals; where properly raised, a trial court must resolve the challenge in the same fashion as it resolves any other dispute concerning the accuracy of information to be considered at sentencing.

3. CRIMINAL LAW — GUILTY PLEAS — NOLO CONTENDERE — MOTIONS FOR RESENTENCING — TIMELINESS.

Where a conviction is obtained by way of a plea of guilty or nolo contendere, a motion for resentencing is timely if filed within fifty-six days after the filing of the sentencing transcript (MCR 7.204[A][3][b]).

4. STATUTES — COURT RULES — CONFLICTS.

Where there is a direct conflict between a court rule and a statute, the court rule is to be deemed controlling (MCR 1.104).

5. CRIMINAL LAW — CRIMINAL PROCEDURE — CIVIL PROCEDURE.

The rules of civil procedure do not apply to criminal cases where a statute or court rule provides a different procedure (MCR 6.001[A][3]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Margaret G. Horenstein,* Assistant Prosecuting Attorney, for the people.

*Lynn Rose,* for defendant on appeal.

Before: HOOD, P.J., and BEASLEY and SHEPHERD, JJ.

PER CURIAM. Defendant, Robert Lee McCoy, pled guilty to larceny in a building, MCL 750.360; MSA 28.592, and to being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084. Defendant was sentenced to serve not less than 1½ nor more than 4 years in prison, which sentence was vacated and enhanced pursuant to the habitual offender statute

to not less than 2 nor more than 15 years in prison.

Defendant appeals as of right, first claiming that the sentencing information report was incorrectly scored and that he should be resentenced based on a correctly scored SIR. This claim is without merit. The sentencing guidelines do not apply to habitual offender sentences.[1] The sentence from which defendant appeals is that on the habitual offender conviction. Furthermore, although reviewing the recommendation, the guidelines were not relied upon by the trial court in fashioning and imposing the sentence as an habitual offender.

Second, defendant claims that, contrary to the trial court's ruling, his motion for resentencing was timely filed. We agree. In *People v Walker*,[2] the Supreme Court held that in order to preserve an SIR misscoring issue, the defendant must (a) bring the matter to the trial court's attention at or before sentencing, (b) file a motion within the time period for filing a motion for new trial, or (c) file a timely motion to remand in this Court.

In this case, neither procedure (a) nor (c) has been utilized by defendant. Thus, the matter turns on whether procedure (b) was followed. In stating this procedure in *Walker*, the Supreme Court, by way of footnote, cited MCR 7.204(A)(2)(b) and MCL 770.2; MSA 28.1099. The cited statute states that, generally, a motion for new trial must be filed within sixty days after entry of judgment. The court rule, on the other hand, refers to new trial motions filed within fifty-six days after entry of judgment. Further, while not mentioned in *Walker*, MCR 7.204(A)(3)(b) specifically provides that, where a conviction is obtained by way of a plea of guilty or nolo contendere, a motion for

---

[1] *People v Sanders*, 163 Mich App 606, 612; 415 NW2d 218 (1987).

[2] 428 Mich 261, 266; 407 NW2d 367 (1987).

resentencing is timely if filed within fifty-six days after the filing of the sentencing transcript.

Defendant's motion for resentencing was filed on May 18, 1988—seventy-nine days after entry of the amended judgment of sentence and forty-nine days after the transcript of sentencing was filed. Thus, while defendant's motion was not timely under the statute, it was timely under MCR 7.204(A)(3)(b). Where there is a direct conflict between a court rule and a statute, the court rule is to be deemed controlling.[3] Accordingly, defendant's motion for resentencing was timely.

We note that in *Wayne County Prosecutor v Recorder's Court Judge*,[4] another panel of this Court read the *Walker* reference to a motion for resentencing filed within the time period for a motion for new trial as implicating the time frame of MCR 2.611(B) (twenty-one days after entry of judgment). However, subchapter 2.000 of the court rules governs *civil* procedure. The rules of civil procedure do not apply to criminal cases where a statute or court rule provides a different procedure.[5] Since MCL 770.2; MSA 28.1099, part of Michigan's Code of Criminal Procedure, sets forth a time limit for new trial motions of sixty days after judgment, it supersedes the *civil* rule setting forth a twenty-one-day time limit on such motions.[6] Further, in the specific context of motions for resentencing, where a motion is filed within fifty-six days of the filing of the transcript, it is

---

[3] MCR 1.104; and see generally *Perin v Peuler (On Reh)*, 373 Mich 531, 540-543; 130 NW2d 4 (1964).

[4] 164 Mich App 740, 747; 417 NW2d 594 (1987).

[5] MCR 6.001(A)(3).

[6] *People v Holbrook*, 60 Mich App 628, 634; 231 NW2d 469 (1975) (holding that the time limit in MCL 770.2; MSA 28.1099 controls vis-a-vis the time limit in GCR 1963, 527.2 [precursor to MCR 2.611(B)]).

timely under MCR 7.204(A)(3)(b), regardless of whether the motion is filed within sixty days of entry of the judgment of sentence.

Affirmed.