PEOPLE v FINSTROM

Docket No. 119455. Submitted September 4, 1990, at Lansing. Decided November 20, 1990, at 9:01 A.M.

Hartley C. Finstrom pled guilty in the Eaton Circuit Court, Richard M. Shuster, J., of delivery of less than fifty grams of a controlled substance and of being a second-time habitual offender pursuant to a plea bargain under which the habitual-offender charge was reduced from one originally charging the defendant as a fourth-time offender and was sentenced, to twenty to thirty years' imprisonment for the habitual-offender conviction. The defendant appealed.

The Court of Appeals *held:*

1. The plea bargain was not illusory. The defendant properly could have been charged with being a fourth-felony offender on the basis of three prior convictions which were obtained in a single trial, but arose from separate criminal transactions.

2. The defendant was not denied effective assistance of counsel at trial by virtue of counsel's failure to raise defenses based on the propriety of the fourth-time habitual-offender charge or on entrapment. Neither defense had merit.

3. The defendant was adequately informed of his right to a bench trial if he elected against a jury trial, and he understood that he had waived that right by pleading guilty.

4. Although the sentencing guidelines do not usually apply to the sentencing of an habitual offender, the second edition of the guidelines requires that a sentence for the underlying offense be computed under the guidelines. In this case, because the sentence imposed on the defendant was more than three times greater than the sentence under the guidelines, remand for resentencing by a different judge consistent with the principle of proportionality announced in *People v Milbourn,* 435 Mich 630 (1990), is required.

Conviction affirmed, sentence vacated, and remanded for resentencing.

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offenders § 30.

See the Index to Annotations under Habitual Criminals and Subsequent Offenders.

CRIMINAL LAW — SENTENCING — HABITUAL OFFENDERS — PROPOR-
TIONALITY.

A sentence imposed upon a defendant convicted as an habitual
offender is to be tested on appellate review under the principle
of proportionality announced in *People v Milbourn,* 435 Mich
630 (1990).

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *G. Michael Hocking,*
Prosecuting Attorney, and *William M. Worden,*
Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *F. Michael
Schuck*), for the defendant on appeal.

Before: DANHOF, C.J., and MICHAEL J. KELLY,
and McDONALD, JJ.

PER CURIAM. Defendant pled guilty of delivery of
less than fifty grams of a controlled substance,
MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv),
and of being an habitual offender, second offense,
MCL 769.10; MSA 28.1082. In exchange for the
plea, the prosecution reduced the supplemental
charge from habitual offender, fourth offense, to
habitual offender, second offense. Defendant was
sentenced to twenty to thirty years in prison, and
he now appeals as of right, raising three chal-
lenges related to his plea and challenging his
sentence as being excessive. We affirm defendant's
convictions, but remand for resentencing.

Defendant first argues that his plea bargain was
illusory because under *People v Stoudemire,* 429
Mich 262; 414 NW2d 693 (1987), he could not have
been convicted as a fourth offender. We disagree.
Although defendant's three prior convictions oc-
curred on the same day, the convictions did not
arise out of a single transaction. Rather, the three
transactions occurred over approximately a two-

week period, and then all three charges were tried together. Since defendant's prior convictions arose from separate criminal incidents, defendant could have been charged as a fourth offender under the habitual offender statute. *People v Preuss,* 436 Mich 714; 461 NW2d 703 (1990).

Next, defendant claims that he was denied the effective assistance of counsel by counsel's failure to raise a *Stoudemire* defense to the habitual-offender, fourth offense, charge and his failure to raise an entrapment defense. Given our resolution of defendant's *Stoudemire* issue, defendant's claim in that regard is without merit. After carefully reviewing the record, we also reject defendant's claim that his counsel erred by failing to raise an entrapment defense.

At the plea proceeding, defendant simply stated that an acquaintance had called him on the phone, and that he then met the person in a shopping center parking lot where he sold him the two tablets of Dilaudid for $35. It is true that some of defendant's statements at the plea proceeding corroborated his testimony at the *People v Ginther,* 390 Mich 436, 443; 212 NW2d 922 (1973), hearing. However, we cannot conclude that the trial court erred in deciding that defendant had not, prior to pleading guilty, supplied defendant's attorney with all the information which he offered at the *Ginther* hearing. On the basis of the information that the attorney had at the time of the plea proceeding, we do not believe that the attorney incorrectly assumed that the person to whom defendant sold the drugs was not a police agent, nor did the attorney err by failing to raise the entrapment defense. On the record before us, defendant's counsel performed at least as well as a lawyer with ordinary training and skill in the criminal law and he did not make a serious mistake. *People v*

*Heard,* 178 Mich App 692, 703; 444 NW2d 542 (1989).

We also reject defendant's claim that the trial court failed to adequately inform him that he had a right to a trial by the court if he did not want a trial by jury. The court asked defendant whether he understood that by pleading guilty he was giving up his right to a "trial with a jury or a trial without a jury." Defendant indicated that he understood. We believe that defendant was adequately informed of his right to a trial by the court and that he understood that he was relinquishing that right. See *People v Gren,* 152 Mich App 20, 23-24; 391 NW2d 508 (1986).

Finally, defendant raises two challenges to his sentence. He argues that the trial court failed to individualize his sentence, and that his sentence should shock our conscience. We vacate defendant's sentence and remand for resentencing.

Although the sentencing guidelines do not apply where a defendant is sentenced as an habitual offender, the second edition of the sentencing guidelines requires the judge to compute the guidelines for the underlying crime. The guidelines were computed in this case, and they indicated a recommended range of forty-eight to seventy-two months for the minimum sentence. The presentence investigation report recommended a sentence of four to twenty years. The trial court sentenced defendant to twenty to thirty years in prison.

Recently, our Supreme Court decided *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990), which abandoned the "shock the conscience" standard of review and instead requires that all sentences—even those not included in the guidelines—be tested under the "principle of proportionality." *Id.,* pp 635-636, 660-661, n 28. The *Milbourn* Court

stated that the second edition of the sentencing guidelines "is the best 'barometer' of where on the continuum from the least to the most threatening circumstances a given case falls." *Id.*, p 656.

In this case, defendant's sentence exceeded the sentencing guidelines by more than a factor of three. Given the severity of this departure, and even though the guidelines do not normally apply to habitual-offender sentencing, *People v Strickland,* 181 Mich App 344, 346; 448 NW2d 848 (1989); *People v McCoy,* 179 Mich App 559, 561; 446 NW2d 306 (1989), we vacate defendant's sentence and remand for resentencing consistent with the principle of proportionality announced in *Milbourn.* Under the circumstances, we also order that defendant be resentenced by a different judge.

Conviction affirmed, sentence vacated, and case remanded for resentencing before a different judge.