PEOPLE v WHITNEY

Docket No. 158758. Submitted February 17, 1994, at Grand Rapids. Decided June 6, 1994, at 9:10 A.M.

Albert L. Whitney pleaded no contest in the Kent Circuit Court, Donald A. Johnson, J., of attempted embezzlement and was sentenced to a prison term of two to five years. The defendant appealed, arguing that the court erred in considering his prior conviction of two counts of criminal sexual conduct as two separate convictions for the purpose of scoring Prior Record Variable 1 of the sentencing guidelines.

The Court of Appeals *held:*

The instructions for scoring Prior Record Variable 1 clearly indicate each prior conviction should be considered as a separate conviction for scoring purposes, even if the prior convictions arose out of a single judicial proceeding. Because the purpose of the sentencing guidelines is different from the purpose of the habitual offender statutes, the fact that multiple convictions arising out of a single criminal episode is treated as a single conviction for purposes of the habitual offender statutes does not preclude treating them as separate convictions for purposes of the sentencing guidelines.

Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

*Michael A. Faraone,* for the defendant on appeal.

Before: TAYLOR, P.J., and MacKENZIE and M. J. MATUZAK,* JJ.

TAYLOR, P.J. Pursuant to a plea bargain, defendant pleaded no contest of attempted embezzle-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ment[1] in exchange for the prosecutor dismissing charges of embezzlement over $100 and making a false police report[2] and a supplemental information for habitual offender, second offense.[3] He was sentenced to a prison term of two to five years and appeals this sentence as of right. We affirm.

The sole issue presented for our consideration pertains to the scoring of Prior Record Variable 1 (PRV-1). Defendant was given a score of fifty points for this PRV (two or more high severity felony convictions) on the basis of his prior conviction of two counts of criminal sexual conduct. He contends that he should have been given a score of only twenty-five points because both prior convictions arose from a single judicial proceeding and, thus, should be scored as only one prior conviction under PRV-1. We disagree.

The plain meaning of the PRV-1 instructions is that all prior convictions in the defined crime groups are to be counted as separate convictions for scoring purposes, not just those arising out of different judicial proceedings. This plain reading is also in keeping with the purpose of the sentencing guidelines, which is to insure that sentencing decisions are based on a consistent set of legally relevant factors and that such factors are assigned equal importance for all offenders. *People v Coles,* 417 Mich 523, 548, n 31; 339 NW2d 440 (1983). We can think of no sensible reason why a person who is convicted of multiple crimes at one judicial proceeding, whether those crimes were committed during a single criminal episode or not, should receive the same score under PRV-1 as a person who committed only one crime during a single

[1] MCL 750.174; MSA 28.371 (embezzlement over $100) and MCL 750.92; MSA 28.287 (attempt).

[2] MCL 750.411a; MSA 28.643(1).

[3] MCL 769.10; MSA 28.1082.

criminal act. Defendant's criminal record would not be accurately reflected in the guidelines if we were to accept defendant's argument.

Our Supreme Court has held that multiple convictions obtained in the same judicial proceedings may count as separate convictions for purposes of the habitual offender statutes only if those convictions arise out of separate criminal transactions. *People v Pruess,* 436 Mich 714, 717, 738; 461 NW2d 703 (1990); *People v Finstrom,* 186 Mich App 342, 343-344; 463 NW2d 272 (1990). The defendant suggests that this reasoning, not withstanding the plain language of the guidelines, is controlling in interpreting the guidelines. Again, we disagree. These measures are directed at different goals. The habitual offender statute is directed at the persistent or repeat offender, rather than at the person who, in only one criminal episode, committed several different crimes. *Pruess, supra,* p 738. The sentencing guidelines, however, exist to insure that sentencing factors are weighted equally for all offenders. *Coles, supra.* Accordingly, a judge, to reflect aggravating circumstances, a judge is able in computing the guidelines to score more points for a person with multiple convictions from a single criminal transaction than for a person with a single conviction from a single transaction. To do otherwise would make it impossible to fully consider the individual circumstances of the defendant's offense. Thus, the rationale underlying the habitual offender statutes is inapplicable to the scoring variables of the sentencing guidelines.

Affirmed.