PEOPLE v MARTIN

Docket No. 175112. Submitted February 15, 1995, at Lansing. Decided
        March 20, 1995, at 9:20 A.M. Leave to appeal sought.

    Nathaniel Martin pleaded guilty in the Saginaw Circuit Court,
    William A. Crane, J., of malicious destruction of police prop-
    erty, retail fraud in the first degree, and being a second-offense
    habitual offender. He was sentenced as an habitual offender to
    concurrent prison terms of forty to seventy-two months for
    malicious destruction and twenty-four to thirty-six months for
    retail fraud. He appealed, claiming that he could not be sen-
    tenced as an habitual offender for both convictions because
    there was only one supplemental information charging him
    with being an habitual offender and that the sentence for
    malicious destruction violates the principle of proportionality.

        The Court of Appeals *held:*

        1. The purpose of an habitual offender information is not to
    charge a crime separate from the underlying felony, but to put
    the defendant and the trial court on notice that sentencing
    procedures must include special consideration of prior convic-
    tions. One information is sufficient where the defendant is
    charged with multiple felonies at the same time.

        2. The sentence for malicious destruction, as enhanced pursu-
    ant to the habitual offender statute, is proportionate.

        Affirmed.

CRIMINAL LAW — HABITUAL OFFENDERS — SUPPLEMENTAL INFORMA-
        TIONS.

    Where a defendant has a prior felony conviction and is charged
    with multiple felonies, one supplemental information charging
    the defendant with being an habitual offender is sufficient to
    put the defendant on notice that the sentences imposed upon
    conviction may be enhanced pursuant to the habitual offender
    statutes.

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 19, 20.
Form and sufficiency of allegations as to time, place, or court of
    prior offenses or convictions, under habitual criminal act or
    statute enhancing punishment for repeated offenses. 80 ALR2d
    1196.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Michael D. Thomas,* Prosecuting Attorney, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Roger A. Lange,* for the defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and McDONALD and GRIFFIN, JJ.

MICHAEL J. KELLY, P.J. Defendant pleaded guilty of malicious destruction of police property, MCL 750.377b; MSA 28.609(2), first-degree retail fraud, MCL 750.356c; MSA 28.588(3), and being an habitual offender, second offense, MCL 769.10; MSA 28.1082. The trial court sentenced defendant as an habitual offender with respect to both related offenses. Defendant received concurrent prison terms of forty to seventy-two months for the malicious destruction conviction and twenty-four to thirty-six months for the retail fraud conviction. Defendant appeals as of right. We affirm.

Defendant first argues that the trial court erred in sentencing him as an habitual offender for both of his convictions where only one habitual offender information was filed.[1] We disagree. The habitual offender information did not charge a separate crime; rather, it merely operated as a sentence enhancement mechanism. "The Legislature did not intend to make a substantive crime out of being an habitual offender, but for deterrent pur-

---

[1] Defendant was originally charged with nine counts: count I, larceny from a person; count II, fleeing and eluding; count III, fleeing and eluding a different police officer; count IV, reckless driving; count V, felonious assault; count VI, felonious assault on a different police officer or, in the alternative, malicious destruction of police property; count VII, forged license; count VIII, revoked license; and count IX, retail fraud. One supplemental information was filed giving defendant notice that he was charged with being an habitual offender, second offense, and listing a March 1992 conviction of larceny from a person as the underlying first offense.

poses intended to augment the punishment for second or subsequent offenders." *People v Curry,* 142 Mich App 724, 732; 371 NW2d 854 (1985). Thus, the purpose of an habitual offender information is not to provide a defendant with notice of an additional crime for which he must prepare a separate defense. Rather, the information is meant to place both the defendant and the court on notice that sentencing procedures must include special consideration of prior convictions. One information suffices for this purpose where a defendant is charged with multiple felonies at the same time. A defendant is not prejudiced by the failure to file a separate information for each felony.[2]

Defendant also challenges the proportionality of his sentence for malicious destruction under the standard set forth in *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). The sentencing guidelines recommended a minimum sentence of twelve to thirty-two months' imprisonment for the underlying offense. Defendant received a prison term of forty to seventy-two months. The guidelines do not apply to defendant as an habitual offender. *People v Williams,* 191 Mich App 685, 686; 479 NW2d 36 (1991). However, the guidelines do serve as a useful starting point or barometer in determining the proportionality of habitual offender sentences. *People v Finstrom,* 186 Mich App 342, 345-346; 463 NW2d 272 (1990). The applicable habitual offender statute enhances defendant's potential sentence by fifty percent. Defendant's sentences are clearly proportionate in view of a similarly enhanced guidelines range. See *Williams, supra* at 686-687.

Affirmed.

---

[2] Defendant was put on notice by the supplemental information and could have challenged it properly if he had not been convicted of the underlying first offense, which was described, listed, and itemized.