PEOPLE v EDGETT

Docket No. 180885. Submitted December 17, 1996, at Detroit. Decided
    December 27, 1996, at 9:30 A.M.

    Scottie J. Edgett was convicted by a jury in the Grand Traverse Cir-
    cuit Court, Philip E. Rodgers, Jr., J., of carrying a concealed
    weapon and possessing a dangerous weapon. He pleaded guilty of
    being a third-offense habitual offender and was sentenced as an
    habitual offender to concurrent terms of 30 to 120 months in
    prison. The defendant appealed, alleging that his sentences were
    not proportionate.

    The Court of Appeals held:

    1. The sentencing guidelines do not apply to habitual offender
    sentences. Although a trial court that is sentencing an habitual
    offender is required to complete a sentencing information report
    (SIR) (which requires calculation of the sentencing guidelines for
    the underlying offense), the court is not required to fill out a SIR
    departure reason form when it sentences the habitual offender to a
    term of imprisonment in excess of the range indicated by the sen-
    tencing guidelines for the underlying offense.

    2. The proportionality of an habitual offender's sentence is
    reviewed under the abuse of discretion standard, but the guidelines
    have no bearing with regard to whether an abuse has occurred.
    Because the guidelines are irrelevant in reviewing the proportional-
    ity of habitual offender sentences, a defendant sentenced as an
    habitual offender may not challenge on appeal the trial court's cal-
    culation of the sentencing guidelines for the underlying offense.
    The fact that the trial court unnecessarily filled out a SIR departure
    reason form does not make the guidelines for the underlying
    offenses an appropriate issue for review by the Court of Appeals.

    3. The defendant could have been sentenced to terms of 3 ⅓ to 5
    years for the convictions of the underlying offenses. As a third-
    offense habitual offender, the defendant could have received
    sentences of 6 ⅔ to 10 years. The sentences the defendant received
    were proportionate to the offense and the offender.

    Affirmed.

1. SENTENCES — SENTENCING GUIDELINES — HABITUAL OFFENDERS.

> The sentencing guidelines do not apply to the sentencing of habitual offenders; although a trial court that sentences an habitual offender must complete a sentencing information report, which requires calculation of the sentencing guidelines, for the underlying offense if the offense is included in the guidelines, it is not required to fill out a SIR departure reason form when the sentence exceeds the range indicated by the sentencing guidelines for the underlying offense.

2. SENTENCES — SENTENCING GUIDELINES — HABITUAL OFFENDERS.

> The proportionality of an habitual offender's sentence is reviewed under the abuse of discretion standard; the sentencing guidelines do not apply to the sentencing of habitual offenders and have no bearing with regard to whether an abuse has occurred; a defendant sentenced as an habitual offender who alleges that the sentence was not proportionate may not challenge on appeal the trial court's calculation of the guidelines for the underlying offense.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Dennis LaBelle*, Prosecuting Attorney, and *Robert A. Cooney*, Assistant Prosecuting Attorney, for the people.

*Mark G. Kowalczyk*, for the defendant on appeal.

Before: TAYLOR, P.J. and GRIBBS and R. D. GOTHAM,* JJ.

TAYLOR, P.J. Following a jury trial, defendant was convicted of carrying a concealed weapon (a double-edged dagger), MCL 750.227; MSA 28.424, and possessing a dangerous weapon (billy or bludgeon), MCL 750.224(1)(d); MSA 28.421(1)(d). Defendant subsequently pleaded guilty of being a third-offense habitual offender, MCL 769.11; MSA 28.1083. Defendant was sentenced as an habitual offender to concurrent terms of 30 to 120 months in prison. Defendant appeals his sentences as of right. We affirm.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant argues that his habitual offender sentences are disproportionate. The sentencing guidelines for the underlying offenses were zero to twelve months. As a third-time habitual offender, the court was authorized to double the authorized sentences for the crimes of which he was convicted. MCL 769.11; MSA 28.1083. Defendant notes that doubling the recommended guidelines' range produces an "enhanced guideline" range of zero to twenty-four months and argues that his thirty-month minimum sentences are disproportionate because they exceed those "enhanced guidelines." While acknowledging that the sentencing guidelines do not apply to habitual offender sentences, he argues that the trial court made the sentencing guidelines an issue in this case because it filled out a sentencing information report (SIR) departure form, explaining why it was departing from the sentencing guidelines, and did not list adequate reasons for departing from the guidelines.

A defendant who is found guilty by a jury, or in a bench trial, or who pleads guilty or nolo contendere, must thereafter be sentenced in accordance with the law by the court. Since March 1, 1984, the Michigan Supreme Court, through a series of administrative orders, and now MCR 6.425(D)(1), has required all circuit court and Recorder's Court judges to calculate a sentencing guidelines' range pursuant to the applicable Michigan Sentencing Guidelines for the minimum term of imprisonment for those offenses included in the guidelines. *People v Broden*, 428 Mich 343, 344-346; 408 NW2d 789 (1987). MCR 6.425(D)(1) states the court "must use the applicable sentencing guidelines when imposing a sentence for an offense that is included in the guidelines." While the sentenc-

ing court is not required to impose a minimum sentence within the guidelines' range, should the court impose a minimum sentence less than or greater than the guidelines' range, it must complete a section of the SIR labeled "departure reason."[1] MCR 6.425(D)(1).

The reference to offenses "included in the guidelines" in MCR 6.425(D)(1) alerts the reader to the fact that certain offenses are not included in the guidelines. It is only those crimes listed on pages 11-22 of the Michigan Sentencing Guidelines (2d ed) that are presently covered by the guidelines. The crimes listed on these pages are all crimes that allow for indeterminate sentences, i.e., those sentences in which the trial court is authorized to impose a minimum sentence and a maximum sentence.

Indeed, the sentencing guidelines do not apply to a surprisingly large number of circumstances.[2] They do not apply to offenses for which the Legislature has removed all discretion from the sentencing court, e.g., all offenses that require a nonparolable term of life imprisonment,[3] and flat sentences such as those legislatively required for possession of a firearm during

---

[1] In 1994, 8.1 percent of the sentences for covered offenses were below the guidelines' range and 3.8 percent were above the guidelines' range. See Girard, Michigan Prison Sentences: A Guide for Defense Attorneys (MAACS, 1996), p 25.

[2] In 1994, only about fifty-six percent of all criminal sentences were covered by the guidelines. See Michigan Prison Sentences, n 1 *supra*, p 21. See also *People v Milbourn*, 435 Mich 630, 661, n 29; 461 NW2d 1 (1990) (the guidelines do not address all crimes or even all felonies).

[3] Offenses that require a nonparolable life sentence include: first-degree premeditated murder and first-degree felony murder, MCL 750.316; MSA 28.548, certain drug offenses involving over 650 grams, treason, MCL 750.544; MSA 28.812, placing explosives with intent to destroy which causes injury to a person, MCL 750.207; MSA 28.404, and certain repeat drug offenses. See *People v Poole*, 218 Mich App 702, 715, n 7; 555 NW2d 485 (1996).

the commission of a felony, i.e., felony-firearm convictions (two years for a first offense, five years for a second offense, and ten years for a third or subsequent offense). MCL 750.227b; MSA 28.424(2). There are also no sentencing guidelines for felony driving offenses, such as operating a motor vehicle while under the influence of intoxicating liquor, third offense, MCL 257.625(7)(d); MSA 9.2325(7)(d), or for adultery,[4] MCL 750.30; MSA 28.219; escape from prison, MCL 750.193; MSA 28.390; and perjury, MCL 750.422; MSA 28.664, as well as many offenses created by the Legislature since October 1, 1988 (when the second edition of the sentencing guidelines became effective), including first-degree retail fraud, MCL 750.356c; MSA 28.588(3); child abuse, MCL 750.136b; MSA 28.331(2); carjacking, MCL 750.529a; MSA 28.797a; aggravated stalking, MCL 750.411i; MSA 28.643(9); and home invasion, MCL 750.110a; MSA 28.305(a). In addition, the sentencing guidelines do not apply to certain drug offenses where the Legislature requires a certain minimum sentence from which departures may be made only for substantial and compelling reasons. See *People v Perry*, 216 Mich App 277; 549 NW2d 42 (1996). Further, they do not apply to probation violation sentences, although the guidelines will have been calculated for crimes that are covered by the guidelines at the earlier sentencing when the defendant was given a probationary sen-

---

[4] MCL 750.30; MSA 28.219 provides:

Any person who shall commit adultery shall be guilty of a felony; and when the crime is committed between a married woman and a man who is unmarried, the man shall be guilty of adultery, and liable to the same punishment.

tence. See *People v Cotton*, 209 Mich App 82, 83-84; 530 NW2d 495 (1995). Also, the sentencing guidelines do not apply to defendants whose sentences are enhanced under the subsequent offender provisions of the controlled substances act. *People v White*, 208 Mich App 126, 135; 527 NW2d 34 (1994). Finally, and most applicable to the case at bar, the sentencing guidelines do not apply to habitual offender sentences. When sentencing an habitual offender, the trial court is required to complete the SIR (which requires calculation of the sentencing guidelines) for the underlying offense if the offense is included in the guidelines. Michigan Sentencing Guidelines (2d ed), p 1; *People v Zinn*, 217 Mich App 340, 350; 551 NW2d 704 (1996). But the trial court is not required to fill out the SIR departure reason form when it sentences an habitual offender to a term of imprisonment in excess of the range indicated by the sentencing guidelines for the underlying offense. We note in this regard that the sentencing guidelines explicitly state that the guidelines do not apply to habitual offender sentences. Michigan Sentencing Guidelines (2d ed), pp 1, 6.

Nevertheless, as the jurisprudence surrounding the review of habitual offender sentences developed, this Court has looked to the guidelines' range for the underlying offense in reviewing claims that habitual offender sentences were disproportionate. See, e.g., *People v Finstrom*, 186 Mich App 342, 345-346; 463 NW2d 272 (1990) (habitual offender sentence that exceeded guidelines for underlying offense by more than a factor of three was found disproportionate). That the authority to so evaluate habitual offender sentences was dubious can be seen in *People v Wil-*

*liams,* 191 Mich App 685, 686-687; 479 NW2d 36 (1991), *People v Oelberg,* 197 Mich App 346, 347; 494 NW2d 869 (1992), *People v Cutchall,* 200 Mich App 396, 409-410; 504 NW2d 666 (1993), *People v Derbeck,* 202 Mich App 443, 448; 509 NW2d 534 (1993), and *People v Spivey,* 202 Mich App 719, 728; 509 NW2d 908 (1993), where this Court acknowledged the fact that the guidelines do not apply to habitual offender sentences, but went on to state that the proportionality of an habitual offender sentence could be measured by comparing the guidelines' recommended range with the degree of sentence enhancement authorized by the particular habitual offender statute, thereby applying the guidelines by analogy.[5] This led to the practice of calculating an "enhanced" guideline range that was then compared to the actual sentence that was imposed.

Other panels of this Court described the guidelines for the underlying offense as being helpful in reviewing the proportionality of habitual offender sentences. See, e.g., *People v Malkowski,* 198 Mich App 610, 615; 499 NW2d 450 (1993) (useful reference point), *People v Odendahl,* 200 Mich App 539, 540; 505 NW2d 16 (1993) (useful reference point), *People v Williams,*

---

[5] Generally, second-time habitual offenders may have their sentences increased by 1½ times, MCL 769.10; MSA 28.1082, third-time habitual offenders may have their sentences doubled, MCL 769.11; MSA 28.1083, and fourth-time habitual offenders convicted of a felony whose maximum term is five years or more may be imprisoned for parolable life or for a lesser term while, if the conviction is for a felony whose maximum term is less than five years, the court may imprison the defendant for not more than fifteen years. MCL 769.12; MSA 28.1084. Because the fourth-offense habitual offender statute does not provide any specific degree of sentence enhancement, *Derbeck, supra* at 448, stated that there is no way to evaluate the degree of enhancement allowed under the statute. As stated in the body of this opinion, the degree of enhancement is irrelevant in determining the proportionality of an habitual offender sentence.

205 Mich App 229, 234; 517 NW2d 315 (1994) (the starting point for our review), *People v Bordeau*, 206 Mich App 89, 94; 520 NW2d 374 (1994) (a tool to assist), *People v Martin*, 209 Mich App 362, 364; 531 NW2d 755 (1995) (useful starting point or barometer), *People v Martinez (After Remand)*, 210 Mich App 199, 201; 532 NW2d 863 (1995) (helpful tool to be considered), and *People v Chandler*, 211 Mich App 604, 615; 536 NW2d 799 (1995) (useful starting point).

This judicially created construct of utilizing the guidelines or the "enhanced guidelines" in reviewing the proportionality of habitual offender sentences was first questioned by the three justices who signed the lead opinion in *People v Cervantes*, 448 Mich 620, 625-626; 532 NW2d 831 (1995), where the Court stated:

> There was no consideration of habitual offender sentencing in the creation of the existing sentencing guidelines; therefore, it would be both misleading and statistically invalid to attempt in any way to apply the existing guidelines to the sentencing of habitual offenders.

There was some misunderstanding of the import of the *Cervantes* holding by this Court in *People v Gatewood*, 214 Mich App 211; 542 NW2d 605 (1995), which held that the lack of a Supreme Court majority opinion in *Cervantes* did not operate so as to overrule our past jurisprudence regarding guideline usage. The Supreme Court removed all doubt in *People v Gatewood*, 450 Mich 1025; 546 NW2d 252 (1996), where it entered a peremptory order[6] vacating this Court's

---

[6] Supreme Court peremptory orders are binding precedent when they can be understood. See *People v Crall*, 444 Mich 463, 464, n 8; 510 NW2d 182 (1993).

opinion and stated that "appellate review of habitual offender sentences using the sentencing guidelines is inappropriate."[7] This Court subsequently held in *People v Gatewood (On Remand)*, 216 Mich App 559, 560; 550 NW2d 265 (1996), that "appellate review of habitual offender sentences using the sentencing guidelines *in any fashion* is inappropriate." (Emphasis supplied.)

Accordingly, it is now settled that we are not to calculate an enhanced guideline range and we are not to consider the guidelines' range for the underlying offense. In fact, we are not to consider the underlying guidelines as a "barometer," "starting point," "useful reference point," or a "helpful tool" in determining whether defendant's habitual offender sentences are proportionate. All prior opinions of this Court that did so have been overruled to the extent that they did so. As stated in *People v Yeoman*, 218 Mich App 406, 419; 554 NW2d 577 (1996), the proportionality of an habitual offender's sentence is still reviewed under the abuse of discretion standard, but the guidelines have "no bearing" with regard to whether an abuse has occurred. Further, given the fact that the guidelines are irrelevant in reviewing the proportionality of habitual offender sentences, logic dictates that a defendant sentenced as an habitual offender may not

---

[7] We note that the Supreme Court rulings in *Cervantes* and *Gatewood* were made in the context of a defense appeal. We are not certain that the Supreme Court would apply the same rule in the context of a prosecution appeal that alleges an habitual offender sentence was disproportionately lenient because the sentence is less than the guidelines' range for the underlying offense. See *People v Brooks (On Remand)*, 203 Mich App 199; 511 NW2d 710 (1993), which the Supreme Court deprived of precedential effect at 445 Mich 926 (1994). *Perry, supra,* lists several cases where a sentence was found to have been disproportionately lenient as a result of a prosecution appeal.

challenge on appeal the trial court's calculation of the guidelines for the underlying offense. Cf. *People v Strickland*, 181 Mich App 344, 346; 448 NW2d 848 (1989). Whether the trial court properly calculated the guidelines' range for the underlying offense is of no moment given that this Court may not, in any case, consider the guidelines' range in determining the proportionality of an habitual offender sentence.

Carrying a concealed weapon and possessing a dangerous weapon are both felonies punishable by imprisonment for not more than five years. Pursuant to the two-thirds rule of *People v Tanner*, 387 Mich 683; 199 NW2d 202 (1972), defendant could have received sentences of 3 ⅓ to 5 years for the underlying convictions. As a third-time habitual offender, defendant could have received sentences of 6 ⅔ to 10 years. The thirty-month minimum sentences imposed in this case were substantially less than the statutory maximum the court could have imposed. Defendant's two prior felony convictions were of breaking and entering, MCL 750.110; MSA 28.305, and attempted breaking and entering, MCL 750.92; MSA 28.287. Defendant also had a prior probation violation and three prior misdemeanor convictions. Defendant had a double-edged knife attached with duct tape to the steering column of his vehicle and a billy club under the vehicle's seat. The court stated at sentencing that defendant lacked any remorse for his behavior and that defendant presented "clear, knowing, false" testimony at trial.[8] The fact that the trial court unnecessarily filled out a SIR departure reason form does not

---

[8] This is an acceptable sentencing consideration. *People v Adams*, 430 Mich 679; 425 NW2d 437 (1988).

somehow make the underlying guidelines an issue. Under the circumstances of this case, we find that the court did not abuse its discretion and that defendant's concurrent sentences of 30 to 120 months are proportionate to the offense and the offender, *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), and reflect the seriousness of the matter. *People v Houston*, 448 Mich 312, 320; 532 NW2d 508 (1995).

Affirmed.