# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RODNEY CHARLES BUTLER,

        Defendant-Appellant.

FOR PUBLICATION
June 2, 2016

No. 327430
Ogemaw Circuit Court
LC No. 14-004337-FH

Before: GLEICHER, P.J., and SAWYER and M. J. KELLY, JJ.

GLEICHER, P.J. (*dissenting*).

A defendant's sentence is calculated by scoring offense and prior record variables. Prior record variables appraise a defendant's history of criminal convictions. The higher the PRV score, the longer the potential sentence range. This approach comports with one of the principles of proportionality underlying the legislative sentencing guidelines: a recidivist deserves a harsher penalty than a first offender.

The Legislature carved out two conspicuous exceptions to this maxim. A gap of 10 years or more between the date of an offender's discharge from a conviction and his commission of a subsequent offense wipes the offender's PRV-slate clean. In other words, an offender who achieves a 10-year crime-free period avoids a PRV penalty for his previous criminal record, regardless of the record's length, depth or breadth. In this circumstance, a substantial interval of life-inside-the-law palliates punishment.

And even when convictions *are* scored, the Legislature deems some offenses off-limits for PRV purposes. A misdemeanor counts only if it is classified as an offense against a person or property, a controlled substance or alcohol-related crime, or a weapons-related offense. MCL 777.55(2). In enacting this rule, the Legislature evidently judged that minor misdemeanors should not enhance a PRV score and thereby subject an offender to greater punishment. Why not? Likely it is because minor misdemeanors simply lack relevance to the proportionality principles underlying the sentencing guidelines. The commission of nonviolent offenses unrelated to drugs or alcohol only weakly predicts future dangerousness, and does not reflect an incorrigible propensity for disobeying the law. Leaving such convictions out of the mix does not violate the tenet that repeat offenders merit longer sentences than newcomers to the criminal justice system.

-1-

The question presented in this case is whether the Legislature intended that a misdemeanor conviction too minor to be scored by the guidelines nonetheless destroys a defendant's eligibility to benefit from the 10-year gap rule. The majority focuses on the word "conviction" used in the rule's articulation, and defines the word capaciously to encompass *all* convictions, including those otherwise exempt from scoring under the guidelines. In my view, a narrower construction is warranted. Limiting the reach of the term "conviction" to those convictions relevant to PRV calculation comports with the policies that animate the sentencing guidelines in general, and the scoring of PRVs in particular. I respectfully dissent.

I

Defendant has a long criminal record. He began committing crimes in 1984, when he received probation and 90 days' incarceration after pleading guilty to unlawfully driving away an automobile, MCL 750.413. Between 1984 and 1989, he caught eight additional convictions. Defendant avoided prosecution between 1989 and 1992. In May 1993, he pleaded guilty to malicious destruction of personal property under $100 and assault and battery. In November of that year he was arrested for "false information to police; seatbelt." Defendant spent 10 days in jail for resisting arrest in 1995. He pleaded guilty to "open intoxication" in 1999 and to assault and battery in 2000. Between September 2000 and September 2012, defendant's record reflects no convictions of any kind.

For unknown reasons, defendant's November 1993 arrest for "false information to police; seatbelt," remained unresolved until 2006, when defendant entered a "plea by mail" to the former charge. This 2006 plea destroyed defendant's 12-year conviction-free gap. But for the delayed 2006 "plea by mail," it is indisputable that defendant's many convictions before 2000 could not have been scored under the PRVs.

The impact of scoring defendant's older crimes is substantial. When the old offenses are counted, defendant's minimum guideline sentencing range for his current offense adds up to 29 to 57 months. Without them, the sentencing range is 12 to 24 months.

II

The statutes at issue in this case (MCL 777.50 and MCL 777.55) are both located in part 5 of the legislative sentencing guidelines, MCL 777.1 *et seq.* Part 5 addresses the scoring of prior offense variables. The word that separates me from the majority—"convictions"—is not expressly defined in part 5 or anywhere else in the sentencing guidelines, despite that in § 50(4)(a), the Legislature provided two specific examples of "convictions" that fall within the definition.[1] I believe that the best way to locate the Legislature's intended meaning of

---

[1] MCL 777.50(4)(a) states:

(4) As used in this part:

 (a) "Conviction" includes any of the following:

"convictions" in § 50(2) is to consider the language and design of the statutory provisions in which the word is embedded, in the light of the overall object of the guidelines.

The sentencing guidelines were enacted to facilitate proportionate sentencing, *People v Smith*, 482 Mich 292, 312; 751 NW2d 284 (2008), and "to insure that sentencing decisions are based on a consistent set of legally relevant factors . . . ." *People v Whitney*, 205 Mich App 435, 436; 517 NW2d 814 (1994). Reading the two interrelated statutes *in pari materia*, harmonizing rather than isolating their provisions, compels me to conclude that because defendant's 2006 plea to a minor misdemeanor was not scorable as a PRV, it should not have been used to disrupt his otherwise "clean" 12-year period.

MCL 777.50 applies generally to the "scoring [of] prior record variables 1 to 5." MCL 777.50(1). The statute instructs that when scoring PRVs 1 to 5, a court should "not use any conviction that precedes a period of 10 or more years between the discharge date from a conviction or juvenile adjudication and the defendant's commission of the next offense resulting in a conviction or juvenile adjudication." MCL 777.50(1). MCL 777.50 describes the mechanics of the 10-year gap rule as follows:

> Apply subsection (1) by determining the time between the discharge date for the prior conviction or juvenile adjudication most recently preceding the commission date of the sentencing offense. If it is 10 or more years, do not use that prior conviction or juvenile adjudication and any earlier conviction or juvenile adjudication in scoring prior record variables. If it is less than 10 years, use that prior conviction or juvenile adjudication in scoring prior record variables and determine the time between the commission date of that prior conviction and the discharge date of the next earlier prior conviction or juvenile adjudication. If that period is 10 or more years, do not use that prior conviction or juvenile adjudication and any earlier conviction or juvenile adjudication in scoring prior record variables. If it is less than 10 years, use that prior conviction or juvenile adjudication in scoring prior record variables and repeat this determination for each remaining prior conviction or juvenile adjudication until a period of 10 or more years is found or no prior convictions or juvenile adjudications remain. [MCL 777.50(2).]

Thus, the statute sets the temporal boundaries of the 10-year gap as the defendant's "prior conviction or juvenile adjudication" and the date of his "sentencing offense." When 10 years or more separates these events, a defendant may not be penalized for crimes committed before the gap period commenced.

MCL 777.55 describes the scoring of PRV 5, which concerns misdemeanors and misdemeanor juvenile adjudications. The categories "prior misdemeanor convictions" and "prior misdemeanor juvenile adjudications" are defined for the purposes of scoring PRV 5 as follows:

(*i*) Assignment to youthful trainee status under sections 11 to 15 of chapter II.

(*ii*) A conviction set aside under 1965 PA 213, MCL 780.621 to 780.624.

(a) "Prior misdemeanor conviction" means a conviction for a misdemeanor under a law of this state, a political subdivision of this state, another state, a political subdivision of another state, or the United States if the conviction was entered before the sentencing offense was committed.

(b) "Prior misdemeanor juvenile adjudication" means a juvenile adjudication for conduct that if committed by an adult would be a misdemeanor under a law of this state, a political subdivision of this state, another state, a political subdivision of another state, or the United States if the order of disposition was entered before the sentencing offense was committed. [MCL 777.55(3).]

Important limits, however, restrict the reach of the broad term "prior misdemeanor conviction" used in § 55(3). Specifically, § 55(2) directs that a court scoring PRV 5 may "count a prior misdemeanor conviction or prior misdemeanor juvenile adjudication *only if* it is an offense against a person or property, a controlled substance offense, or a weapon offense" or if it constitutes a "prior misdemeanor conviction[] . . . for operating or attempting to operate a vehicle, vessel, ORV, snowmobile, aircraft, or locomotive while under the influence of or impaired by alcohol, a controlled substance, or a combination of alcohol and a controlled substance." (Emphasis added.) I suggest that the Legislature omitted many misdemeanors from PRV consideration both because such convictions have little predictive value, and because by counting them, there is a risk that a sentence may become disproportionate.

Defendant's 2006 conviction for providing false information to the police, MCL 257.324(1)(h), a misdemeanor under the Michigan Vehicle Code, MCL 257.1 *et seq.*, is an uncountable offense. For precisely the same reasons that the Legislature exempted this crime from scoring under MCL 777.55, it should not serve to close defendant's otherwise conviction-free, 12-year gap period.

"Statutes that address the same subject or share a common purpose are *in pari materia* and must be read together as a whole." *People v Harper*, 479 Mich 599, 621; 739 NW2d 523 (2007). As our Supreme Court recently explained, "[I]n the construction of a particular statute, or in the interpretation of its provisions, all statutes relating to the same subject, or having the same *general* purpose, should be read in connection with it, as together constituting one law, although they were enacted at different times, and contain no reference to one another." *Int'l Business Machines Corp v Dep't of Treasury*, 496 Mich 642, 652; 852 NW2d 865 (2014), quoting *Rathbun v Michigan*, 284 Mich 521, 544; 280 NW 35 (1938) (emphasis added).

MCL 777.50 and MCL 777.55 relate to the same subject, share the same general purposes, and were enacted together. In my view, they must be interpreted *in pari materia*. The *in pari materia* canon of statutory interpretation has deep roots in Michigan's jurisprudence, and is frequently employed to reconcile apparent inconsistencies and definitional lapses by finding meaning through consideration of related statutes addressing the same subject matter.

The majority uses a different canon—plain meaning—to conclude that "conviction" means exactly that, and no further interpretation bears contemplation. According to the majority, although the two statutes "serve a common purpose of limiting what prior convictions may be

considered, the limitations are different and the underlying purpose of the respective limitations are obviously different as well." The majority concedes that MCL 777.55(2) limits "the type of misdemeanor that the Legislature finds relevant in assessing a defendant's prior criminal history," yet holds that MCL 777.50 "reflects a judgment . . . that the 10-year conviction-free period be exactly that: conviction free." I don't disagree that this is one possible interpretation of the term "conviction" as used in § 50(1). It's just not the most accurate one.

The majority hinges its "plain meaning" analysis on the rationale expressed in *People v Reyna*, 184 Mich App 626, 632; 459 NW2d 75 (1990), in which this Court considered whether an unscorable misdemeanor extinguished the defendant's ability to utilize the 10-year gap rules set forth in the *judicial* sentencing guidelines. Notably, those guidelines included a specific definition of the word "conviction,"[2] and that definition (appropriately) controlled the Court's decision. The legislative sentencing guidelines do not include a definition of "conviction," an omission I find telling.

As did the judicial guidelines, the legislative guidelines include a 10-year gap rule. Had the Legislature intended application of the 10-year gap rule enunciated in MCL 777.50(1) to mirror application of the judicially-created rule, it would have enacted the judicially-created definition of "conviction." Examining the Legislature's words in linguistic and historical context signals that the Legislature did not intend to "affirm" *Reyna.* Rather, the Legislature omitted a definition of "conviction" and included only limited examples in MCL 777.50(4)(a).

Our Supreme Court has elucidated regarding the *in pari materia* canon that "[t]he endeavor should be made, by tracing the history of legislation on the subject, to ascertain the uniform and consistent purpose of the Legislature, or to discover how the policy of the Legislature with reference to the subject-matter has been changed or modified from time to time." *Remus v City of Grand Rapids*, 274 Mich 577, 581; 265 NW 755 (1936). The Legislature adopted a 10-year gap rule but neglected to accompany it with an expansive definition of the word "conviction." And in the same part of the statute, the Legislature declared certain convictions unworthy of scoring. It makes sense to read the two sections together and to conclude that the commission of minor misdemeanors does not eliminate the value of crime-free periods. "[W]ords are chameleons," Judge Learned Hand once said, "which reflect the color of their environment." *Commissioner v Nat'l Carbide Corp*, 167 F2d 304, 306 (CA 2, 1948). The statutory environment in which the Legislature placed § 50(1) does not countenance the use of minor misdemeanors as sentence enhancers. Accordingly, a conviction that cannot be counted because it lacks probity or predictive value should not be counted.

The facts of this case solidify my conclusion. Defendant committed the offense that destroyed his 10-year gap eligibility in 1993, seven years before the start of the 12-year period in which he remained otherwise conviction-free. No one knows why his prosecution for "false information to police; seatbelt" was delayed for 13 years. But given that the essential purpose of the 10-year gap rule is to acknowledge the insignificance of old criminal conduct in predicting

---

[2] Under the judicial guidelines, a "conviction" was defined as "criminal charges to which the defendant pleads guilty or is found guilty in a court of law." *Reyna*, 184 Mich App at 632.

future offending, it makes no sense to resurrect defendant's relatively ancient and unscorable misdemeanor to disrupt the rule's operation.

If one harmonizes the word "conviction" with the rest of part 5 rather than reading it in a vacuum, the term should not reanimate an otherwise irrelevant minor misdemeanor. In the context of the prior record guidelines and in particular MCL 777.55(2), "conviction" should be construed to include only those convictions otherwise relevant in calculating a defendant's sentence. I would remand for resentencing after application of the 10-year gap rule.


/s/ Elizabeth L. Gleicher