# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DARWIN EUGENE MOORE,

        Defendant-Appellant.

UNPUBLISHED
August 11, 2016

No. 326663
Wayne Circuit Court
LC No. 11-009266-01-FC

Before: K. F. KELLY, P.J., and M. J. KELLY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant, Darwin Eugene Moore, appeals by right the sentences that the trial court ordered after this Court remanded for resentencing in a prior appeal.[1] The trial court sentenced him to serve 47 to 85 years in prison for each of his four convictions of first-degree criminal sexual conduct, see MCL 750.520b, and to serve 10 to 15 years in prison for his conviction of second-degree criminal sexual conduct, see MCL 750.520c. On appeal, Moore argues that the trial court erred in several respects when sentencing him on remand and, as a result, he is entitled to be resentenced again. We conclude that there were no errors warranting resentencing. Accordingly, we affirm.

Moore first contends that the trial court sentenced him on the basis of inaccurate information. Specifically, he maintains that the trial court erroneously determined that his prior record variables (PRV) placed him in the D level and improperly sentenced him as a third-offense habitual offender. Because Moore did not raise these claims before the trial court, our review is for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

---

[1] Because the evidence showed that he committed his crimes before the enactment of the Legislative sentencing guidelines, see MCL 769.34(2), this Court remanded the case for sentencing under the former judicial sentencing guidelines. See *People v Moore*, unpublished opinion per curiam of the Court of Appeals, issued June 6, 2013 (Docket No. 309651), rev'd in part 495 Mich 898 (2013).

-1-

At sentencing, Moore's lawyer waived this claim of error by agreeing that Moore's PRV level placed him at level D. *People v LaFountain*, 495 Mich 968, 970; 844 NW2d 5 (2014). Nevertheless, the judicial guidelines then in force provide that an offender with 50 or more PRV points is to be sentenced using level D. See Michigan Sentencing Guidelines, (2d ed) (1988), p 43. Because Moore does not contest the trial court's score of 50 points under the PRVs, the trial court did not err when it sentenced him using level D.

Moore's claim that the trial court erroneously sentenced him as a third-offense habitual offender is also without merit. While the notation on the sentencing information report (SIR) indicated that Moore was a third-offense habitual offender, the judgment of sentence shows that the trial court sentenced him as a second-offense habitual offender. Similarly, the trial court indicated at resentencing that it was sentencing Moore as a second-offense habitual offender. Courts speak through their written judgments, *People v Jones*, 203 Mich App 74, 82; 512 NW2d 26 (1993), and the written judgment was correct. At most, it appears that the notation on the SIR was a clerical error. Thus, because the judgment of sentence was correct and the trial court indicated on the record it was sentencing Moore as a second-offense habitual offender, Moore has not shown plain error. *Carines*, 460 Mich at 763.

Moore also argues that his sentence was not proportional. We review the proportionality of a sentence for an abuse of discretion. *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990).

The principle of proportionality "requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id.* "[T]he 'key test' of proportionality is not whether the sentence departs from or adheres to the recommended range, but whether it reflects the seriousness of the matter." *People v Houston*, 448 Mich 312, 320; 532 NW2d 508 (1995) (citation omitted). It is inappropriate for this Court to use the judicial sentencing guidelines to review habitual offender sentences. *People v Gatewood (On Remand)*, 216 Mich App 559, 560; 550 NW2d 265 (1996). Thus, we are prohibited from considering the underlying sentencing guidelines as a tool or reference point in determining whether a habitual offender's sentence was proportionate. *People v Edgett*, 220 Mich App 686, 694-695; 560 NW2d 360 (1996).

In this case, Moore premised his argument that his sentence was disproportionate on the accuracy of the judicial sentencing guidelines range. Without considering the guidelines, in light of the circumstances surrounding the offense and offender, we conclude that Moore's sentence was not disproportionate. *Milbourn*, 435 Mich at 636. Moore sexually abused his biological daughter for many years and exploited his family relationship with his daughter and other victims for sexual purposes. Given the record evidence, we cannot conclude that the trial court abused its discretion in sentencing Moore. *Id.*

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly
/s/ Amy Ronayne Krause